[Boyd v. The State.]

# Boyd v. The State.

*Buying, Receiving or Concealing Stolen Property.*

(Decided March 2nd, 1907.   43 So. Rep. 204.)

1. *Receiving Stolen Goods; Elements.*—To establish the crime of receiving stolen gods it must be shown that the property was stolen and that defendant, knowing that fact and not intending to restore the property to the owner, bought, received and concealed, or aided another in concealing it.

2. *Same; Burden of Proof; Possession of Property.*—The burden is on the state to prove that the property was stolen, but the recent possession of stolen property if proven casts on the defendant the burden of explaining his possession and a failure to do so raises a presumption of guilt that will support a conviction.

3. *Same; Sufficiency of Evidence; Intent.*—While the want of consent by the owner·must be shown by direct evidence, the fact that the act was done clandestinely, or that an effort was made to conceal the property or prevent the owner from discovering it shows a felonious intent.

4. *Same; Admissibility of Evidence.*—Evidence as to the authority given the agents of the Railroad Company was admissible where it was contended that the agents of said Company consented to the taking of the property from a railroad car.

5. *Witnesses; Impeachment; Character; Evidence of Conviction; Proof of Identity.*—A judgment of conviction of a person whose name was the same as the name of the witness is admissible in evidence without a showing that the witness was the person convicted, but the presumption of identity raised thereby may be rebutted by evidence inconsistent therewith.

6. *Criminal Law; Trial; Jury Question; Presumption of Rebuttal.* —Whether the presumption arising from the introduction of a judgment of conviction of a person by the same name as that of the witness is rebutted by the other evidence is a question for the jury to determine.

7. *Same; Instructions; Reasonable Doubt; Degree of Proof.*—An instruction asserting that if the minds of the jury or of any juryman is left in a state of reasonable doubt and uncertainty by the evidence or any part of the evidence after considering all the evidence, of defendant's guilt, then you cannot

[Boyd v. The State.]

convict him, is proper and its refusal error; but a charge as-
serting that the state must affirmatively prove want of con-
sent of the owner to the taking of the property requires too
high a degree of proof and its refusal was proper.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Pink Boyd was convicted of knowingly receiving,
buying, or concealing stolen property, and appeals. Re-
versed and remanded.

The defendant was indicted for knowingly receiving,
buying, or concealing stolen property. The evidence
tended to show that Hamp Miller was a brakeman on
the Southern Railway, and that some time in July or
August he was brought to Anniston by Mr. New for the
purpose of catching some thieves who had been operat-
ing upon the Southern Railway freight cars at Annis-
ton. New and the yardmaster placed a car at a certain
point in the Southern Railway yards, with tobacco and
other stuff in it marked with a red pencil for the pur-
pose of its identification. Miller and one Will Pritchett
went to where the car was, and Pritchett went up to
the car while Miller waited and watched. Miller could
not say whether Pritchett broke the seal or not, but tes-
tified that he saw his hands up working where the seal
should be; that Pritchett finally got into the car, and
threw out five caddies of tobacco, and carried it to the
back yard of defendant, and put it into defendant's
coalhouse, when he and Pritchett went away. Miller
saw the defendant that night, and asked him if he
wanted to buy some tobacco, and defendant told him,
"No." He did not want to buy any from him, as he did
not know him. It was shown that defendant did not
tell him to put the tobacco in the house, and that he
did not speak to defendant before the tobacco was put
in. It appears from the testimony that Pritchett, who
was convicted of stealing the tobacco, stated to witness
Miller that they might get some money by selling some
merchandise, such as tobacco, snuff, and shoes. Miller
then told Pritchett that he knew where they could get
such merchandise, that they might get it from the cars
of the Southern Railway in South Anniston, and he
and Pritchett then made arrangements to make a raid

on the cars. He mentioned this matter to Mr. O'Rourke, the yardmaster of the Southern, and Mr. New, the special agent of the Southern, who stated to him that they would have a car placed at a certain point on the yards of the Southern with this kind of merchandise in it. It was further shown that about four days after this O'Rourke, New, Miller, and Meharg, a policeman in the city of Anniston, went to a corn field near Pink Boyd's store, and stood there until daylight; that Will Pritchett came out of Boyd's store when he was arrested, and Meharg, the policeman, tapped on the front door of Boyd's store, whereupon Boyd came to the door and was told that he was under arrest, and that they had a search warrant for some tobacco; that Boyd replied that they "needn't look for any tobacco; there's none in my store"; that they searched the store, and found under the counter, covered up in tow sacks, four caddies of tobacco, the same tobacco that was taken from the Southern Railway cars. When New was being examined as a witness, he was asked if he had given Hamp Miller any authority to break open cars, and "did you have any authority to open cars? and did you have any authority to authorize any one else to break open cars? and did you authorize Hamp Miller to break open the car on the night of August 5, 1905? and did you authorize Will Pritchett?" all of which were objected to by the defendant.

The defendant requested a number of charges, which were refused, which are not necessary to be here set out. Charg A, refused to the defendant, was as follows: "If, upon a consideration of all the evidence, the minds of the jury or any member of the jury is left in a state of reasonable doubt and uncertainty, by the evidence or any part of the evidence, of defendant's guilt, then you cannot convict the defendant." Charge Q: "For the purposes of this prosecution the railway company is the owner of the property alleged to have been received by this defendant, and the court charges you, gentlemen, that it is incumbent upon the prosecution, or the state, to affirmatively prove the absence of consent of the railway company to the taking and removal of said prop-

erty from its cars before you can convict the defendant."

The other facts sufficiently appear in the opinion.

MATTHEWS & MATTHEWS, J. T. MARTIN, and BLACKWELL & AGEE, for appellant.—There ought not to have been a conviction on the facts in this case.—*Allen v. The State*, 40 Ala. 334. Miller was the agent of the company and whatever he or his confederate did must be treated as done by his principal or at least with the permission of his principal.—1 Bishop Criminal Law, § 570; *Eggington's Case*, 2 East Crim. Law, 666; *Regina v. Johnson & Jones*, 1 Car & Marsh, 218. The question propounded to Meharg and his answer thereto were improper.—*Coleman v. The State*, 87 Ala. 14. The questions propounded to A. P. New and the answers thereto were illegal and irrelevant and highly prejudicial to defendant.—*Jordan v. The State*, 79 Ala. 12;; *Carlisle v. Hundley*, 15 Ala. 623. The refusal of charge A was error.—*Hurd v. The State*, 94 Ala. 100. See also 98 Ala. 21, and 117 Ala. 42; 122 Ala. 89; 105 Ala. 86. Charge B should have been given.—*Brown v. The State*, 118 Ala. 111. Charge 8 should have been given.—*Allen v. The State, supra.*

ALEXANDER M. GARBER, Attorney General, for State. —It was proper to show that defendant appeared nervous and excited after the tobacco was found.—*Thornton v. The State*, 113 Ala. 43; *Parrish v. The State*, 119 Ala. 45. The witness New was properly permitted to state that he did not give Miller authority to break open the car.—*Parker v. Bond*, 121 Ala. 529; *LaFayette Ry. v. Tucker*, 127 Ala. 514. Charge A was properly refused.—*Liner v. The State*, 124 Ala. 1. Charge B was properly refused.—*Martin v. The State*, 104 Ala. 71. The case of *Allen v. The State*, 40 Ala. 334, is not like the facts in the case at bar and the refused charges predicated on that case were properly refused.

McCLELLAN, J.—The appellant was convicted of receiving, etc., stolen property. The essential elements necessary to be found by the jury in ordr to warrant a

conviction of this offense are that the property involved was stolen, and that defendant, knowing it to have been stolen and not having the intent to restore it to the owner, bought, received, and concealed, or aided another in concealing, the subject of the larceny. The burden of proof is on the state, on the issue of larceny vel non, to establish beyond a reasonable doubt that the property involved was taken or appropriated animo furandi, which includes a taking or appropriation without the consent of the owner. Where the act is clandestinely done, or there is an effort to conceal the possession of the property, or to prevent the owner from discovering it, there is evidence of such felonious intent. It need hardly be said that want of consent may be shown inferentially, and that direct evidence to that effect is not indispensable. The recent possession of stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction. The same rule is applicable where the offense alleged is as here.—*Martin's Case,* 104 Ala. 71, 16 South. 82.

A contested question in this case is whether the tobacco was taken from the car without the consent of the Southern Railway Company, and the determination of that issue of fact turned upon the authority of New and Miller, agents of the company, to consent, for their master, to the taking. The trial court submitted the whole issue to the jury, and in that connection properly admitted all testimony tending to show the authority committed by the principal to the agents New and Miller.

The judgment of the Jefferson county criminal court is not void.—*Driggers's Case,* 123 Ala. 46, 26 South. 512; *Wilkinson's Case,* 106 Ala. 28, 17 South, 458. This judgment, which reveals a conviction of Hamp Miller of larceny, was objected to by the state on the ground, among others, untenable, that it was not shown that the witness Hamp Miller was the same person as the Hamp Miller condemned in the judgment. The rule, as regards witnesses, seems to be that identity of names affords ground for the prima facie evidential presumption of

identity of persons.—1 Greenleaf on Ev. § 43a; *Mc-Guire's Case*, 87 Mo. 642; *Bayha v. Mumford*, 58 Kan. 445, 49 Pac. 601, and cases therein cited. This presumption may be rebutted by proof inconsistent therewith, but, whether rebutted or not, must be a question for the determination of the jury from all the testimony pertinent to the question of identity.

It is unnecessary to treat seriatim the various charges refused to defendant. Some of them pretermit elements of the offense declared in the statute; others assume authority in the agents to consent for the company in question; and still others omit, in hypothesis, the possible presumption arising from the possession of stolen property, if so found. The charges affected with these infirmities were well refused.

This disposes of all of them except charges A and Q. The former should have been given, and its refusal is error.—*Mitchell's Case*, 129 Ala. 23, 30 South. 348. The latter was rendered vicious by the use of the word "affirmatively," and requires too high a degree of proof.

There is no other prejudicial error in the record; and for those indicated the judgment of the city court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, SIMPSON, and ANDERSON, JJ., concur.