(124 So. 250)

### COFIELD v. STATE.   (6 Div. 553.)

Court of Appeals of Alabama.   June 18, 1929.

Rehearing Denied June 29, 1929.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The verdict of the jury was guilty under the second count in the indictment. This count charged that this appellant did buy, receive, conceal, or aid in concealing two automobile tires, two inner tubes, and two automobile rims (stating the value), the personal property of Rick Benton, knowing that it was stolen, and not having the intent to restore it to the owner, etc.

The undisputed evidence disclosed that the above-mentioned articles were stolen from Rick Benton about two months before they were found in appellant's possession, and the fact that he was found in the recent possession of this stolen property placed the burden upon him to explain his possession, and failing to make a reasonable explanation of such possession raises a presumption of his guilt sufficient to support a conviction. Jordan v. State, 17 Ala. App. 575, 87 So. 433.

In this case the accused was found in the possession of each of the stolen articles enumerated. He was accorded by the court full opportunity to reasonably explain his possession thereof, and testified that he bought said articles from an unknown man between 11 and 12 o'clock at night, on Fifth avenue in Birmingham, no one being present at the time of the purchase. Under this evidence a jury question was presented, and, as stated, they decided adversely to the insistence of the defendant, and we think were fully justified by the evidence in so finding. While the accused insisted that he did not know the articles were stolen, the suspicious circumstances and surroundings detailed by him as to the purchase of the articles for less than one-third of their value, on a dark street, near midnight, with no one else present, was sufficient we think to put him on notice that the articles were stolen, and justified the jury in deciding that his explanation of his possession was not a reasonable one. The few exceptions reserved to the rulings of the court were so clearly free from error they need not be discussed.

The record appears regular in all things, and, no reversible error appearing upon the trial, the judgment of conviction appealed from will stand affirmed.

Affirmed.