(132 So. 68)

## McKEE v. STATE.
### 6 Div. 806.

Court of Appeals of Alabama.
Jan. 20, 1931.

Jim Gibson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The conviction of this appellant was under count 2 of the indictment wherein he was charged with the offense of buying, receiving, or concealing, or aiding in concealing, a cow of the value of $50, the personal property of Eli Bates, knowing that it was stolen and not having the intent to restore it to the owner.

■ We do not accord to the insistence of appellant to the effect that the corpus delicti was not established by the evidence. Under the prevailing rule it is not indispensable to the proof of the corpus delicti that it should be proven by direct evidence. It may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed. Such evidence we think is abundant in the case at bar. The undisputed facts in this case disclose that Eli Bates, the alleged injured party named

176

in the indictment, owned the cow here in controversy, that he missed her from his home and after a search of several days found her shut up in a barn closely adjacent to the home of this appellant, which was some twelve or fifteen miles distant from Bates' home where the cow was raised and kept. He fully identified the cow as his own, and testified, as did others, that, since the time she was first missed and when he found her, she had been dehorned and the marks in her ears changed, the alterations or mutilation being apparent by fresh signs upon the head and ears, they being bloody and still unhealed. The undisputed evidence also discloses that this appellant was nearby when Bates found his cow in said barn, and that upon seeing Bates he (appellant) immediately ran away. The arresting officers also testified that this appellant on the occasion of his arrest also attempted to flee. The cow in question having disappeared without the knowledge or consent of the owner, and after search located in the barn as aforesaid, with her horns having been removed, and the marks in her ears changed, as stated, together with other evidence of like import, was ample, we think, under the rule above announced, to establish the corpus delicti, and therefore sufficient to authorize the introduction of evidence as to the voluntary confession of the defendant.

It is the duty of the trial court to determine whether an admission or confession of the defendant is voluntary. In this case we are of the opinion that the predicate laid in this connection met every requirement and the court properly so held. After the court has determined its admissibility the jury must accept the evidence, and their duty is confined to a consideration of its credibility and give it such probative force to which it is in their judgment entitled.

The several rulings of the court upon the admission of evidence, as well as the ruling upon the question of a continuance of the case, were without error; the latter question being within the sound discretion of the trial court.

The motion to exclude the evidence was properly overruled.

The affirmative charge requested by defendant was not in point under the evidence and its tendencies. This charge was properly refused. The motion for a new trial was likewise properly overruled.

Finding no error of a reversible nature, and the record being in all things regular, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.