191 So. 271

**LAMBRAKIS v. STATE.**

6 Div. 458.

Court of Appeals of Alabama.

May 9, 1939.

Rehearing Denied June 6, 1939.

4

Morel Montgomery, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment contained two counts. The first count charged larceny of thirty rolls of roofing. The second count charged that the defendant did buy, receive, conceal or aid in concealing thirty rolls of roofing, etc.

On the trial the Solicitor, with the permission of the Court, withdrew the charge of larceny leaving the second count, upon which the defendant was tried and convicted.

The evidence, without conflict, discloses that the property described in the indictment was found in the possession of this defendant; that it was stolen by a thief from the Wood Lumber Company, a corporation; and, by a thief, carried to the defendant's place of business where the defendant concealed it in a secret receptacle in his building. The defendant knew at the time that the property had been stolen and was informed as to its ownership. The only question, therefore, to be considered by the jury was as to whether or not the defendant received the property with the intent to return it to the owner. Under the Statute, a person may receive stolen property knowing it to be stolen, if he has the intention at the time of restoring it to its rightful owner. This question always arises in a trial on a charge of buying, receiving, concealing or aiding in concealing stolen personal property; and where the evidence is at all in conflict, and the property has not been restored to the rightful owner voluntarily by the person who received it, there is a question for the determination of the jury, under all of the surrounding facts and circumstances.

We find no difficulty in reaching the conclusion that there was ample evidence to sustain the findings of the jury in this case.

The defendant requested the Court, in writing, to give the following charge: 3. "If you believe, gentlemen, after considering all the evidence in this case, that the

defendant, before receiving the property from some person who had previously stolen it, had an agreement with the witness W. B. Helton, a police officer, that he would buy or receive the stolen property, in order that the thief could be captured or the property be restored to the officer or the owner, and you believe that the defendant, in his acts or actions, did such as a deleated agent for the police officer, then as a matter of law he could not be convicted as charged in the 2nd count of the indictment."

There was some evidence in this case tending to prove that the defendant had received the property under and by an agreement with one Helton, a police officer of the City of Birmingham, Alabama, for the purpose of apprehending the thief. The police officer, Helton, testified substantially to this, but the bona fides of this testimony was also for the consideration of the jury. Perhaps, they reached the conclusion, under the evidence, that Helton was a party to the transaction in which he did not act in good faith. However that may be, the charge fails to clearly predicate an acquittal upon the hypothesis that the property was to be restored to the owner. Non constat, the officer may not have been acting in good faith in the premises. Besides, the charge is argumentative, somewhat involved, and tends to mislead.

We find no error in the record.

The judgment is affirmed.

Affirmed.