12 So.2d 93

**HOSEY v. SOUTHPORT PETROLEUM
CO. OF DELAWARE, Inc.**

**6 Div. 38.**

Supreme Court of Alabama.

Feb. 18, 1943.

Barber & Barber, of Birmingham, for appellant.

D. H. Markstein, Jr., of Birmingham, for appellee.

BOULDIN, Justice.

Appellee, Southport Petroleum Company of Delaware, Inc., a corporation, sued D. A. Hosey, Cities Sales Corporation, a corporation, and Lewis Bobo on account. Defendants pleaded in short by consent. The cause was tried before the court without a jury, and judgment rendered for plaintiff against D. A. Hosey and Cities Sales Corporation. The appeal is by D. A. Hosey alone.

That the debt was incurred and that $1,199.90, the balance sued for, was still unpaid, were unquestioned facts. The real issue of fact was: Who owed the debt?

The account was charged on plaintiff's books, and sales tickets made out to Cities Sales Corporation.

It appears this was a domestic corporation which for some years had engaged in a tank-truck business selling gasoline. The line of business is not made clear, but we infer the above from the run of the evidence. Appellant was the owner of all the stock, and actively ran the business. In 1939, desiring to go out of business, he sold the tank-trucks to Lewis Bobo on conditional sales contracts. On December 27, 1939, the corporation was dissolved by agreement executed and filed as provided by Section 7063, Code of 1923, Code 1940, Tit. 10, § 104.

The account sued upon was incurred February 27 to March 22, 1940, the balance unpaid representing purchases made March 15th to March 22nd.

Plaintiff's evidence tended to show that Mr. Hosey, doing business in the corporate name, had purchased gasoline from plaintiff during 1939; that he, personally, opened up the new account of large scale purchases, beginning February 27, 1940; that the plaintiff had no knowledge of a dissolution of the corporation; that deliveries were made to tank-trucks still carrying the name "Cities Sales" or "Cities Sales Corporation"; that Bobo had no credit with plaintiff, and his name was unknown as a

purchaser when deliveries were made. Other evidence tended to show that up to about April 1, 1940, the business was still run in the name of Hosey, or Cities Sales Corporation, Bobo working on a salary basis, the employees paid by Mr. Hosey; that he opened up a bank account in the name of Denson Hosey, in which the proceeds of sales were deposited, with such collections as were made on old accounts; the bank was furnished a signature card authorizing Mr. Parrish to check on the account in Hosey's name; and checks were regularly drawn on this account in payment for purchases from plaintiff as late as March 30, 1940. Defendant's evidence conflicted with that of plaintiff as regards opening the account on his own credit or in the name of the corporation. He claimed he had gone out of business, that this was known to plaintiff; that the account was opened for Bobo, who was running the business.

■ If Mr. Hosey incurred the indebtedness in his own name or in the name of the dissolved corporation, he was personally liable under elementary principles. One who acts as a representative of a nonexistent principal in the purchase of property received and disposed of in his own operations is personally bound on the well-known principle that one who undertakes to act for another without authority to bind the other, binds himself. Liability here may also be rested on the use of the old corporate name as a trade name in these transactions. The evidence made a case for the trier of fact on these issues.

This outline will suffice as a background for review of the rulings presented for error on this appeal.

Evidence tended to show that about April 1, 1940, plaintiff's manager, Mr. Reynolds, Mr. Hosey and Mr. Bobo had a conference or meeting looking to payment of this account. There is conflict in some respects as to what was there said and agreed. Without dispute Mr. Hosey there set down on a piece of paper certain data and signed his name thereto as follows:

"1391.56 ⎫ 4
  791.56 ⎬ 4 April Pay

————
600.00
               D. A. Hosey."

■ Evidence disclosed the first number, $1,391.56, was the balance due on the account at that time. Plaintiff's evidence was that Mr. Hosey agreed to pay $791.56 in April, and that the balance, $600, would be taken care of later, and this memorandum was made and signed as evidence of this agreement. The admission of this writing in evidence over objection of defendant is assigned as error. It is urged this is an instrument void on its face because of a patent ambiguity; not to be aided by parol evidence, and, therefore, inadmissible. We need enter into no discussion of "patent" and "latent" ambiguities in documents introduced as a muniment of title or as the basis of a cause of action. This is no more than a memorandum, not sued upon as a contract, but corroborative of the version of plaintiff by disclosing a recognition of liability by appellant in the conference between the parties. It does not purport to be a complete document, but under the evidence, was a part of a collateral transaction at the time, and to be considered in the light of all that transpired. It was not offered nor insisted upon as a guaranty of the payment of the debt of another.

■ It appears that during April and May, 1940, Mr. Bobo did make some small payments on the account, reducing it to balance sued for. There was no error in admitting evidence that Mr. Bobo advised plaintiff that he was making these payments in lieu of payments on trucks he had purchased from Mr. Hosey. Not that this conversation was binding on Mr. Hosey in his absence, but as tending to show these payments were not being made and received as payments on Bobo's debt. Other evidence was to like effect. Appellant admitted authorizing Bobo to make certain payments on this debt rather than on what Bobo owed him. The difference between the parties was whether Bobo was paying over sums due to Hosey to meet Hosey's debt to plaintiff, or Hosey was merely foregoing payments to him to aid Bobo in meeting his debt. All this was for the solution of the trial judge. There was no error here.

■ Copies of sales and delivery tickets were admitted over defendant's objection. The predicate laid, merely showing they were correct copies made from originals, which were lost, does not fully measure up to the requirements of Title 7, §§ 414 or 415, Code of 1940. It should have been shown the originals were made at the time in regular course of business. These tickets, however, were merely cumulative

evidence of the account, an itemized statement of which was admitted without objection. Defendant introduced identical copies, made part of answers to interrogatories propounded to plaintiff. The facts disclosed by these tickets were not in controversy in the case. The court, over defendant's objection, admitted in evidence photostatic copies of eight checks, signed "Denson Hosey, by O. L. Parrish." These checks in dates and amounts corresponded with the account in evidence, itemizing debits and credits for the several purchases during the period from February 27th to March 22nd, save the last items, remaining unpaid. This being called to the attention of the court, the photostatic copies were admitted. This was far from a proper predicate. Without evidence of the genuineness of the signatures, and the authority of Parrish to draw them, the originals would not have been admissible. Photostatic copies, very useful in many respects, are secondary evidence. 32 C.J.S., Evidence, p. 747, § 815. No predicate was laid for secondary evidence. Later evidence, however, disclosed that Mr. Hosey, authorized the opening of the bank account in the name of Denson Hosey, gave Mr. Parrish authority to check upon the account. Mr. Hosey, thereupon, disclosed he did not question these checks or the authority to draw them, but insisted the account was opened for the convenience of Mr. Bobo, deposits to be made of Bobo's funds, and checks issued to meet his bills incurred in the business.

The evidence of Mr. Parrish was in direct conflict with this latter insistence; disclosed he drew the checks to meet these particular bills of Cities Sales Corporation by direction of Mr. Hosey. Other evidence disclosed Bobo had no authority over the account; that the business was still that of Mr. Hosey. This line of evidence rendered innocuous any error in admitting photostatic copies of the checks. The real issue was whether they represented payments on Hosey's debt or Bobo's debt. The evidence fully supported the finding of the court on this issue.

Appellant cannot complain of the rendition of the judgment against Cities Sales Corporation also. No appeal is prosecuted by this party.

We have fully considered the motion for new trial, and the matters submitted in support thereof. We find no reversible error in the ruling thereon, and find no occasion to discuss it in detail.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.