45 So.2d 322

## McFARLING v. STATE.
### 6 Div. 815.

Court of Appeals of Alabama.
Jan. 10, 1950.

Rehearing Denied Feb. 28, 1950.

Roger F. Rice, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of the offense of buying, receiving, or concealing stolen property, etc., of the aggregate value of $26.00, etc.

The evidence introduced by the State tended to show that early in the morning on December 15, 1948 certain merchandise and property was taken from a night club or restaurant owned and operated by Joe Zarzaur in Jefferson County, Alabama.

Two police officers, later on the same day, while cruising in a patrol car, noticed a roadster, with the door of the rear turtle back open, parked near an unused building in Green Springs Park in Birmingham. Driving by the park again about twenty minutes later the officers stopped to investigate.

In the building they discovered the appellant and a companion. There was also in the room in which were appellant and his companion the articles, shown by other evidence, which had been taken from Zarzaur's place.

192

According to the officers the appellant and his companion stated they had entered the unused building to answer a call of nature, and had discovered the cigarettes, gum, etc. therein in a basket, and were dividing it up when the officers appeared.

In his own behalf appellant testified that he had gone into the building for the purpose before mentioned. He noticed a basket therein containing articles of some sort and called to his companion to come in and see what it was. His companion did so. It was then that the officers made their appearance.

Appellant denied that he had at any time touched any of the articles, or that he had made the statement attributed to him by the officers.

On cross examination appellant admitted he had been convicted in Jefferson County, Alabama, of petit larceny. He denied that he had ever been convicted of burglary in Atlanta, Georgia, or of robbery in Texas.

 No error resulted in overruling appellant's objection to the question seeking testimony as to his prior conviction for petit larceny in Jefferson County, Alabama. The offense clearly involves moral turpitude, and conviction thereof may be shown to affect the defendant's credibility as a witness. Hutchens v. State, 207 Ala. 126, 92 So. 409. No objections were interposed to the questions pertaining to appellant's convictions for burglary and robbery. These questions were answered in the negative. Clearly nothing is presented for review in these instances.

In a prosecution for receiving stolen property the possession of the property places the burden on the defendant to explain it, and his guilt may be inferred from said possession. Cofield v. State, 23 Ala.App. 269, 124 So. 250, certiorari denied 220 Ala. 110, 124 So. 251; Boyd v. State, 150 Ala. 101, 43 So. 204. The reasonableness of the possessor's explanation concerning his possession of such goods is for the jury. Dickey v. State, 32 Ala.App. 413, 26 So.2d 532.

All the elements of the offense with which appellant was charged could be rea-sonably inferred from evidence presented by the State. The reasonableness of appellant's explanation was for the jury. In our opinion the evidence presented by the State was sufficient to support the verdict and judgment rendered.

Appellant reserved an exception to certain portions of the court's oral charge. Pretermitting consideration of the sufficiency of these exceptions, it appears that the court extended his oral charge in accordance with appellant's exceptions, at the conclusion of which appellant's counsel announced he was satisfied. The original exception or exceptions were thereby waived.

During his direct examination Mr. Zarzaur testified, without objection, that in addition to the articles named in the indictment there had also been taken from his place a Zenith radio, and about $25.00 or $30.00 from a rockola machine, which had been broken into. Later in his direct examination, over the objection of appellant, he was permitted to testify that the money taken from the rockola machine was lawful currency of the United States.

The evidence sought was admissible, being part of the res gestae of the offense charged. Echols v. State, 147 Ala. 700, 41 So. 298.

Affirmed.