66 So.2d 827

## TANNER v. STATE.

### 1 Div. 620.

Court of Appeals of Alabama.

Dec. 2, 1952.

Rehearing Denied Jan. 6, 1953.

Reversed on Mandate Aug. 11, 1953.

Holberg, Tully & Aldridge, Mobile, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., and Wm. H. Sanders, Montgomery, of counsel, for the State.

260

**PRICE, Judge.**

The indictment charged defendant with buying, receiving, concealing, or aiding in concealing certain articles of furniture and household effects, the personal property of Mrs. F. M. Jefferies, knowing it was stolen, and not having the intent to restore it to the owner.

The jury returned a verdict of guilty, assessing the value of the property at $100. The court sentenced defendant to a term of five years in the penitentiary. Sentence was suspended and defendant placed on probation for a period of five years.

The State contended that Mrs. Jefferies, a resident of Birmingham, owned a home in Baldwin County, which was kept closed and locked when not in use by some member of the family. Mrs. Jefferies last visited the cottage in the fall of 1948. She left the key with Mr. Reading, a neighbor. When she returned the following May, the neighbor had moved away and a large number of her household furnishings and other personal property had disappeared without her knowledge or consent. The 42 items listed in the indictment were found in and about three cottages belonging to defendant. Defendant claimed ownership of the property and denied it had been stolen.

Testimony was introduced as to each item named in the indictment. This testimony was in sharp conflict. Mrs. Jefferies and her witnesses testified the property belonged to Mrs. Jefferies. Defendant and her witness were equally positive as to Mrs. Tanner's claim of ownership of most of said articles. Both Mrs. Jefferies and defendant gave detailed statements as to when and where they acquired the property.

Defendant insisted that two or three of the items set out in the indictment and introduced in evidence by the State, were not found at her home and she had never seen them before the trial.

Defendant contended she owned a fishing lodge consisting of a large three-story building and five cottages. She had leased the large building and was renting the cottages, except the one she lived in. She testified she had owned some of the property when she lived in Birmingham and when she bought the Lodge in 1940 from a Colonel Higdon several of the articles in controversy were acquired with the property. Other articles she had purchased at various times and places. She testified that in the fall of 1948, she purchased the table and benches, State exhibits 1, 2, 3, 4 and 5 from a stranger who came to her place with a truck load of furniture, paying him $25 for these items and a chair not in controversy. Mrs. Jefferies had previously testified the table and benches were valued at $250.

Mrs. Jefferies was questioned by defense counsel as to alleged discrepancies in her testimony at the preliminary and that given on the main trial. The State then introduced the entire transcript of her evidence at the preliminary trial.

In rebuttal the State introduced evidence by the sheriff as to statements made by defendant the day after the property was found in her possession, which were contradictory to those made by her on the witness stand.

■ The evidence being in sharp conflict, the affirmative charge, requested generally and as to each item named in the indictment, was properly refused.

■ At the conclusion of the State's testimony the defendant moved to exclude the evidence on the grounds the State had failed to prove venue; the corpus delicti had not been established; and value of the property had not been shown. In a criminal case proof of venue is sufficient if from the facts and circumstances adduced venue can be reasonably inferred by the jury. Tinney v. State, 111 Ala. 74, 20 So. 597; Palmer v. State, 168 Ala. 124, 53 So. 283; Armstrong v. State ex rel. Embry, 249 Ala. 40, 29 So. 2d 330; Moore v. State, 30 Ala.App. 552, 9 So.2d 146.

■ Mrs. Jefferies testified her cottage was in Baldwin County, Alabama, and that Mrs. Tanner's residence, where the property was found, was also in Baldwin County. This evidence was sufficient proof to support a finding by the jury that if defendant was concealing stolen property she was doing so in Baldwin County, Alabama.

■ As has been stated many times by the courts, in order to sustain a charge of buying, concealing, or aiding in concealing stolen property, it is necessary for the State to prove beyond a reasonable doubt: (1) That the goods have been previously stolen; (2) that accused has received or concealed the goods knowing they were stolen; and (3) that she received the property, not having the intent to restore it to the owner. Kelly v. State, 17 Ala.App. 577, 88 So. 180; Moore v. State, 26 Ala.App. 607, 164 So. 761; Koonce v. State, 27 Ala. App. 46, 165 So. 601.

But it is not necessary that the corpus delicti be proved by direct evidence. It may be proven by facts and circumstances from which the jury may infer that the offense has been committed. McKee v. State, 24 Ala.App. 175, 132 So. 68; Milam v. State, 240 Ala. 314, 198 So. 863.

■ To sustain the charge of a felonious taking, it is not required that it be proved when, where or by whom the goods were stolen. It is sufficient if the evidence introduced affords an inference of the larceny of the goods. McKee v. State, supra; Hester v. State, 103 Ala. 83, 15 So. 857; Smith v. State, 133 Ala. 145, 31 So. 806.

■ The State's evidence that the property listed in the indictment had disappeared from the home of the owner without her knowledge or consent, was sufficient to authorize the jury to infer that the goods were stolen by some person. The court properly overruled defendant's objection to the introduction in evidence of each article of property listed in the indictment.

■ The guilty knowledge in the receiving or concealing of the goods may likewise be inferred from facts and circumstances, in the absence of proof of actual knowledge. Milam v. State, supra; Baker v. State, 35 Ala.App. 596, 51 So.2d 376, certiorari denied 255 Ala. 335, 51 So.2d 381.

■ Where the evidence is in conflict on a charge of buying, receiving, concealing or aiding in concealing stolen personal property, and the property has not been restored to the rightful owner by the person who received it, the question of whether the defendant intended to restore it to the owner is for the jury to determine under all the surrounding facts and circumstances. Lambrakis v. State, 29 Ala.App. 3, 191 So. 271, certiorari denied 238 Ala. 432, 191 So. 272.

■ "In a prosecution for receiving stolen property the possession of the property places the burden on the defendant to explain it, and his guilt may be inferred from said possession. Cofield v. State, 23 Ala.App. 269, 124 So. 250, certiorari denied 220 Ala. 110, 124 So. 251; Boyd v. State, 150 Ala. 101, 43 So. 204. The reasonableness of the possessor's explanation concerning his possession of such goods is for the jury. Dickey v. State, 32 Ala.App. 413, 26 So.2d 532." McFarling v. State, 35 Ala.App. 191, 45 So.2d 322, 323, certiorari denied 253 Ala. 501, 45 So.2d 324.

■ Under the rule above announced, the evidence was sufficient to establish the corpus delicti, and the motion to exclude the evidence was properly overruled.

We are of the opinion that the evidence adduced, and the inferences to be drawn

therefrom, was sufficient to sustain the verdict, and the trial court should not be put in error for overruling the motion for a new trial on the ground the verdict was contrary to the evidence.

■ In a prosecution for receiving stolen goods, proof of the value of the property is necessary to determine the grade of the offense and the penalty to be inflicted. The value of the property may be proved by the opinion of non-experts, and market value is not the sole criterion of a value sufficient to sustain a conviction of grand larceny. Vandegrift v. State, 151 Ala. 105, 43 So. 852, 855; Cohen v. State, 50 Ala. 108.

■ Mrs. Jefferies testified she had owned all of the property for a considerable length of time; that she had had an opportunity to form an opinion as to its reasonable value at the time she reported it missing. As to many items listed in the indictment, the value in dollars was stated. Her testimony tended to show that the value of the property was in excess of that necessary to make the crime a felony.

The State, over objection and exception, was permitted to introduce as an exhibit to Mrs. Jefferies' testimony in rebuttal, an affidavit, purportedly signed by A. A. Janney, relative to the sale of certain articles to her. The affidavit is here set out:

"State's Exhibit '44'

"A. A. Janney
"Mineral Lands of Iron and Other

Ores
"High Speed Monarch Ball Babbit
"Lawn Furniture, Railings, Fences, etc.

"Montgomery, Ala.
"Oct. 26, 1949.

"To Whom it May Concern:

"I certify that I have sold the following listed items to Mrs. Frank Jeffries:

"1 iron acorn design table with glass top

"2 pottery urns in two pieces each

"2 iron black cats, one with foot scraper and one without.

 "Signed A. A. Janney
 "A. A. Janney

"Witnessed by
 "J. E. Dickson
 "Notary Public

"(Seal affixed)
"(N. P. Montgomery County)."

Defendant insists the introduction of such affidavit violates the hearsay rule, and its admission in evidence constitutes reversible error.

Mrs. Tanner had testified she had purchased some of the articles in controversy and had a bill of sale from "Tony's Trash & Treasures" a New Orleans antique shop, and had introduced as an exhibit to her testimony the following:

"Defendant's Exhibit '10'

"Tony's Trash & Treasures
"900–02 Toulouse Street
"Corner Dauphine St.
"New Orleans 16, La.
 "Dec. 30, 1946.
"Mrs. Cala MaiTanner,
 "Orange Beach, Ala.
 "Paid in full for the following items.

"1. Black iron table with a black glass top looks like a sewing machine base and a white marble slab some larger than the table.

"2. Slab of brown and white marble off of an old dresser.

"3. One reversible love seat with red upholstering.

"4. One white pitcher and bowl.

"5. One wood board with a brass dinner bell.

 "/s/ Anthony M. Croll Tony
 of
 "Tony's Trash & Treasures
 "900–02 Toulouse Street
 "Corner Dauphine St.
 "New Orleans 16, La.
 "Dec. 30, 1946.

"Later in the day Mrs. Tanner bought one china coal oil lamp made

into an electric lamp. One black base clear glass lamp used for a flower bowl And one black cast iron cat.
One Toby vase and blue glass

"/s/ Anthony M. Croll Tony
of
"Tony's Trash & Treasures
"900–02 Toulouse Street
"Corner Dauphine St.
"New Orleans, La."

The description of two of the items in each of the documents introduced are similar to the description of items listed in the indictment, viz.: "One iron table with marble and glass top," and "one cat shaped foot scraper," which were introduced in evidence as State's exhibit 6 and 35 respectively, and which Mrs. Jefferies testified she bought from Janney and Mrs. Tanner insisted she purchased from "Tony's Trash & Treasures."

Section 415, Title 7, Code of 1940, provides in part:

"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, or event, if it was made in the regular course of any business, and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter."

But in order for such record, or memorandum, to be admissible in evidence certain preliminary proof is required. Western Union Telegraph Co. v. Hawkins, 14 Ala.App. 295, 70 So. 12; Sharp v. Blanton, 194 Ala. 460, 69 So. 889; Hosey v. Southport Petroleum Co. of Delaware, 244 Ala. 45, 12 So.2d 93.

No such proof was offered and no predicate laid for the admission of the purported bill of sale or receipt from Tony's Trash & Treasures. The document was therefore hearsay evidence and inadmissible. The defendant having first introduced such illegal hearsay evidence, it was not error for the court to permit the State to rebut it by evidence of the same nature and character. Morgan v. State, 88 Ala. 223, 6 So. 761; Gordon v. State, 129 Ala. 113, 30 So. 30; Gibson v. Gaines, 198 Ala. 583, 73 So. 929.

 Moreover, only a general ground of objection was interposed to the introduction of the Janney affidavit, and a general objection waives the ground that the evidence is hearsay. Minor v. State, 15 Ala.App. 556, 74 So. 98, 99.

The court will not be put in error for overruling a general objection, unless the evidence is illegal for any purpose and cannot be made legal by other evidence, or by otherwise framing the inquiry. Pope v. State, 251 Ala. 286, 36 So.2d 899.

The evidence here sought to be introduced could have been made legal by other evidence, and the court properly overruled the objection.

Appellant insists the court erred in refusing requested written charges, 44, 47, 52, 56, 57, and 60, to the effect that if the State failed to prove beyond a reasonable doubt that all of the items were stolen from Mrs. Jefferies the jury must acquit the defendant, and in orally instructing the jury that if the essential elements charged in the indictment were proven with respect to any part of the property named therein, it would be their duty to find the defendant guilty.

Appellant's contention being that since the charge in the indictment was not laid under a videlicet it was incumbent upon the State to prove that every item listed in the indictment was stolen from Mrs. Jefferies and that defendant bought, received, concealed or aided in concealing all of such property, knowing it was stolen and not having the intent to restore it to the owner.

The State introduced as exhibits forty-two articles purporting to be the property described in the indictment, and introduced evidence tending to show they belonged to Mrs. Jefferies and were seized by the sheriff while in defendant's possession. Defendant contends there was a variance between the allegation and proof as to some of the articles.

In the case of Birmingham Railway, Light and Power Company v. Lide, 177 Ala. 400, 58 So. 990, 991, the court observed:

"A videlicet will not avoid a variance, or dispense with exact proof, in an allegation of material matter; *nor will the omission of it always create the necessity of proving, precisely as stated, matter which would not otherwise require exact proof.*" (Emphasis ours.)

■ The general rule is that it is sufficient to prove so much of an indictment as shows that the defendant has committed a substantive offense specified therein. Porter v. State, 58 Ala. 66; Blakeney v. State, 244 Ala. 262, 13 So.2d 430.

The court held, in State v. Murphy, 6 Ala. 845, as follows:

"Now, although, the law requires the denomination and number of coin to be stated in the indictment, it is not equally strict in its requisition as to the proof. The prosecutor is not bound to prove that the defendant received the exact number of the coin alleged to have been stolen; but if he proves the receipt of either of them under the circumstances stated in the indictment, it will be sufficient to authorize a verdict of guilty." •

The requested charges were properly refused, and the court correctly charged the law applicable to the principles involved.

Defendant insists the court abused its discretion in permitting the State to use leading questions when examining Mrs. Jefferies. The following examples are cited:

"(1) Q. Mrs. Jefferies, directing your attention to on or about the 28th day of May, 1949, did you come down from Birmingham, Alabama, to your place which you have described, located in Baldwin County, Alabama?

"(2) Q. You had already learned the property was missing?

"(3) Q. Mrs. Jefferies, when you examined the chair at Mrs. Tanner's place, was it painted the same color as it was when it was at your place?

"(4) Q. Let's get on with the pitcher, was that a water pitcher?

"(5) Q. That was your property, wasn't it?

"(6) Q. Were you familiar with the market value of the property described during the period of time this property was taken from your place? Were you familiar with the market value of such furniture that you have described at the time it was stolen from your place?"

In numerous instances during the trial the record shows the objection as coming after the question was answered. Objections were filed to the certified transcript, as provided by Title 7, Section 827 (1a) Code of 1940. The court's order stated that unless the Court Reporter's notes showed error in the transcript or the court itself had some independent and accurate recollection of the matters complained of, no proper order of correction could be made. The court ordered certain corrections and revisions and overruled and denied others.

The record discloses that in each instance set out above objection was made after the question was answered. No request was made for correction as to question 3. The court overruled the objection to the transcript as to 2 and 5, and granted the objection as to 1 and 4.

■ Of course, in the instances where the transcript shows the objection as coming after the answer, and defendant's objection to the transcript was denied, the objection came too late. Shack v. State, 236 Ala. 667, 184 So. 688; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692, certiorari denied 250 Ala. 409, 34 So.2d 700; Holmes v. State, 35 Ala.App. 585, 50 So.2d 800.

■ As to question No. 6, no objection was interposed, and the witness replied, "Yes." Thereupon defendant moved to ex-

clude the answer. Defendant cannot speculate on what a witness will say, and when unfavorable, move to have the answer excluded, if it is responsive. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

We are convinced that the court's sound discretion was not abused in any of the instances here complained of.

■ The question asked State's witness, Mrs. Jefferies, on cross examination, to name some of the articles that were missing, other than those listed in the indictment, called for evidence wholly irrelevant and immaterial to any issue in the case, and objection was properly sustained.

■ Appellant urges that during the trial the court made improper comments on the evidence, and expressions indicating prejudice against the defendant and his counsel.

In the first instance complained of no exception was reserved by defendant.

On the cross examination of defendant she was asked:

"Q. I will ask you, Mrs. Tanner, did you make the statement to Mr. Wilkins, or to myself as to where you got the iron table with the marble top? A. I don't believe that was asked.

"Mr. Tully: I object, make the same objection.

"The Court: Overrule the objection.

"Mr. Tully: Except.

"A. I don't know what I was asked. I was so torn up I don't remember.

"Q. I will ask you relative to that same question if you told the sheriff where you got the iron table. Did you tell him, did you have it at 760 Ninth Court West?

"Mr. Tully: I interpose the same objection.

"The Court: Overrule the objection.

"Mr. Tully: Except.

"Q. What was your answer? A. No. I don't remember telling him that. I had an iron table in Birmingham.

"The Court: Quit spraying out answers after he asks the question.

"Mr. Tully: Now, if it please the court, I want to except to the court's statement that this witness has been spraying out answers. The statement made by the court was neither proper nor fair. I ask the court to instruct the jury to disregard the statement made by the court.

"The Court: I will give you an exception. (To the witness) I want to suggest that you confine your answers to the question and quit talking so much.

"Mr. Tully: I do except."

We conclude that such admonition of the witness by the court did not amount to a comment on the effect of the evidence, and did not constitute error probably injurious to defendant's substantial rights. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix.

■ During the argument to the jury the following occurred:

"Mr. Cooper: I object to the argument which Mr. Tully is making.

"The Court: What is that?

"Mr. Cooper: I object to Mr. Tully's argument to the jury as to the State's failure to put on the witness stand Mr. L. B. Reading.

"The Court: Objection sustained. Mr. Tully, you have no right to argue to the Jury concerning the absence of any witness, and furthermore, I don't want you trying to make any such argument to the Jury.

"Mr. Tully: May it please the Court, may I not only except to the Court's ruling, but may I say, also, that I particularly except to the implication of the remarks made by the Court. During the four or five days that we have tried this case, there have been many rulings by the Court which I personally, as a lawyer, felt were not sustained by the law, but nevertheless, in every instance, I have abided by the rul-

ings made by the Court. I therefore deeply resent the implication by the Court that I would, in spite of this ruling, attempt to disobey the Court's ruling even though I may consider it erroneous. I except to the Court's remarks and I ask that the Court instruct the Jury to disregard the remarks by the Court to me in the presence of the Jury.

"The Court: If the Court's demeanor toward Mr. Tully is out of order, I will instruct you to disregard it. I instruct you that Counsel for the Defendant has no right to argue on the State's failure to put on any witness.

"Mr. Tully: I except."

If, as argued in brief by defense counsel, Mr. Reading had been caretaker of the property and disappeared at the same time the property was missing, he would not be disposed to be more favorable to the State than to the defendant. Defendant brought out on cross examination of a State witness that Mr. Reading was present at court the day before. It does not appear who summoned him as a witness, but if he was in court he was equally accessible to both parties and no unfavorable comment can be made because of his failure to testify. Jarrell v. State, 251 Ala. 50, 36 So.2d 336; Brock v. State, 123 Ala. 24, 26 So. 329; Coppin v. State, 123 Ala. 58, 26 So. 333; Forman v. State, 190 Ala. 22, 67 So. 583; Jackson v. State, 193 Ala. 36, 69 So. 130; Crawford v. State, 112 Ala. 1, 21 So. 214.

■ Requested charges 42, 43 and 59 were properly refused. Such charges required the jury to find that all of the property had been stolen, or that defendant had bought or concealed all of said property. State v. Murphy, supra, and other authorities.

Charge 54 was not hypothesized on a belief from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312; Wesson v. State, 251 Ala. 33, 36 So.2d 361.

Refused charges 45, 50, 53 and 58 are misleading. They require the jury to believe defendant had actual knowledge that the property was stolen.

The statute provides that such knowledge may be established by the existence of "reasonable grounds for believing" that the goods were stolen. Lindsey v. State, 23 Ala.App. 411, 128 So. 209, certiorari denied 221 Ala. 175, 128 So. 210; Farzley v. State, 231 Ala. 60, 163 So. 394.

Moreover, charges 45, 50 and 53 are not hypothesized on belief from the evidence. Authorities cited supra.

Charge 55 has been condemned by the courts. Gilbreath v. State, 23 Ala.App. 579, 129 So. 312; Bringhurst v. State, 31 Ala. App. 608, 20 So.2d 885.

Defendant excepted to portions of the court's oral charge, with reference to instructions as to finding the property must have been stolen. The court thereupon charged the jury further:

"The Court: Gentlemen, there is one or two points I may have inadvertently overlooked. I want to charge you again on certain elements of this offense.

"The Court charges you under this indictment the elements that must be proved beyond all reasonable doubt and to a moral certainty to each and everyone of you are, first, that the defendant did buy, receive or conceal, or aid in concealing personal property, knowing that it had been stolen, or having reasonable grounds for believing that it had been stolen, and not having the intent to restore it to the owner. Those are the elements necessary and you must believe from the evidence presented to you here, beyond all reasonable doubt and to a moral certainty, that those elements were present before you can find this defendant guilty under the charge in the indictment here.

"The court charges you that if you do not believe that the defendant actually knew that these goods had been stolen, but do believe beyond all reasonable doubt and to a moral certainty, from the evidence, that she had reasonable grounds for believing that the personal property here had been stolen and that she bought, or received, or

concealed or aided in concealing that personal property or any part of it with no intention of returning it to its owner, then that would be sufficient to justify you in bringing in a verdict of guilty as charged in the indictment.

"Mr. Tully: We want to except to that entire charge.

"The Court: Now, the Court charges you that if you, and each of you believe, from the evidence, beyond all reasonable doubt and to a moral certainty, that the defendant had possession of the goods, the personal property which had been stolen, then the burden would be on the defendant to explain her possession of those goods and if she failed to make a reasonable explanation, a presumption of guilt would arise which would support the Jury in finding her guilty.

"Mr. Tully: We want to except to that."

Exceptions to entire portions of the instructions of the court are not available for reversal unless all of the instructions embraced within the exception are erroneous. Lacey v. State, 154 Ala. 65, 45 So. 680; Grisham v. State, 147 Ala. 1, 41 So. 997; Pugh v. State, 4 Ala.App. 144, 58 So. 936. Counsel must specify the claimed offending portions so that the trial judge will be informed of the verbiage of his charge against which the exceptions are directed. Favors v. State, 32 Ala.App. 139, 22 So.2d 914, 915; Corder v. State, 32 Ala.App. 584, 28 So.2d 651; Fletcher v. State, 33 Ala.App. 423, 34 So.2d 860, certiorari denied 250 Ala. 431, 34 So.2d 861; Head v. State, 35 Ala.App. 71, 44 So.2d 441.

The whole of the instruction certainly was not erroneous and the exception is not sufficiently specific for our review.

The judgment of the trial court is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Tanner v. State, 259 Ala. 306, 66 So.2d 836.