314 So.2d 921

**Chervis Elroy SCOTT**

v.

**STATE.**

**6 Div. 945.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

William J. Baxley, Atty. Gen. and J. Brent Thornley, Asst. Atty. Gen., for the State, appellee.

DeCARLO, Judge.

Buying, receiving and concealing stolen property; five years.

Chervis Elroy Scott along with R. D. Dulaney was charged with grand larceny of four hogs and buying, receiving and concealing or aiding in concealing stolen property.

Before trial, counsel was appointed to represent appellant and after a motion for severance was granted, appellant was tried on this indictment:

"GRAND JURY INDICTMENT

"COUNT ONE:

"The Grand Jury of said County charge that before the finding of this Indictment, Chervis Scott and R. D. Dulaney, whose names are to the Grand Jury otherwise unknown, feloniously took and carried away two black hogs or shoats, weighing about forty pounds each and of the value of about forty dollars each, and two white hogs or shoats weighing about sixty pounds each and of the value of about fifty dollars each, all of the total value of about one hundred and eighty dollars, the personal property of

Floyd Long, against the peace and dignity of the State of Alabama.

"COUNT TWO:

"The Grand Jury of said County charge that before the finding of this Indictment, Chervis Scott and R. D. Dulaney, whose names are to the Grand Jury otherwise unknown, did buy, receive, conceal, or aid in concealing two black hogs or shoats weighing about forty pounds each, of the value of about forty dollars each, and two white hogs or shoats weighing about sixty pounds each, of the value of about fifty dollars each, all of the total value of about one hundred and eighty dollars, the personal property of Floyd Long, which had been stolen from Floyd Long, the said Chervis Scott and R. D. Dulaney knowing or having reasonable grounds for believing that they had been stolen, and not having the intent to restore them to the owner, against the peace and dignity of the State of Alabama."

The evidence presented in support of this indictment was: Floyd Long and Willie Johnson had adjoining farms and were jointly engaged in a hog-raising enterprise. In August, 1973, Willie Johnson purchased four hogs with money given him by Long and about the same time, Johnson traded a cow for five more.

It was Johnson's duty to look after and feed the 25 or 30 hogs and the cost of the feed was borne jointly. Johnson stated that he and Long were partners in the hogs "and were in 'halfwards' on all of them."

On December 12, 1973, Johnson made his daily visit to the hog pasture but on this occasion he noticed there were two white and two black ones missing. Johnson informed Long who complained to Sheriff Miles about the missing hogs.

Later the sheriff discovered four hogs meeting the description of the missing ones on a place owned by John L. Cochrane. After receiving this information Long and Johnson went to the Cochrane place. There they identified two of three hogs as belonging to them. They also learned two others had been taken to Hackleburg by Cochrane's son. Johnson explained he would have known the white hogs anywhere: ". . . their ears stuck straight up and their tails had been cut off as short as they could be cut off." The next day the sheriff picked up the hogs at the Cochrane farm and later seized the two held by Cochrane's son in Hackleburg.

Sheriff Miles testified that after the hogs were identified he received a statement from John L. Cochrane naming appellant as the person selling the hogs to him.

John L. Cochrane testified that appellant came to his house about 7:00 P.M., on December 11, 1973, just before Cochrane was to go to the Christmas parade. Appellant was accompanied by two other men and had two black pigs in the truck. After some bargaining it was agreed that Cochrane would pay $20., a head for four hogs; the two appellant had and two more which he would deliver later that night. When Cochrane returned from the parade, he paid appellant $80.00, for the four. Cochrane then sold one hog to his son and one to his brother.

Floyd Long reiterated that he and Willie Johnson owned the pigs together. It was his judgment the value of the black pigs was between $40. and $50. a head, and the two white ones were worth a little more. He added that the appellant did not have his permission to remove the hogs.

The only testimony offered by appellant was by way of alibi through his sister, Shelbie Jean Dulaney. She testified that on December 11, 1973, appellant was at his home watching television about 5:30 or 6:00 P.M., and when she returned to appellant's home from the Christmas parade between 9:00 and 9:30 P.M., he was still watching television.

At the end of the State's presentation, appellant made a motion for a directed verdict and motion to exclude. Each was denied and before the case was submitted to the jury, the State elected to proceed under count two alone.

The jury subsequently found appellant guilty, and his application for probation was denied. Counsel filed a motion for a new trial which was also denied after a hearing. Appellant then gave notice of appeal and his petition for a free transcript was heard and denied. This matter is now before us on the record, transcript of evidence and brief of appellee.

As mandated by T. 15, § 389, Code of Alabama, Recompiled 1958, we have searched the record for error, and although none has been found, we deem it necessary to discuss the court's actions in denying appellant's request for a directed verdict and motion to exclude.

During trial counsel argued the following grounds in support of these motions:

FIRST: ". . . there is a variance between the proof and the indictment as to the ownership of the property in question."

In an indictment for grand larceny, this court has stated that if ownership of the stolen property is joint, it is sufficient to allege ownership in either owner. *Smith v. State,* 25 Ala.App. 339, 146 So. 426; T. 15, § 245, Code of Alabama, Recompiled 1958. Both Long and Johnson testified to their joint ownership of the missing hogs and the ownership was correctly laid in Floyd Long.

SECOND: "That the State has failed to show that the Defendant, Chervis Scott, took or carried away the four hogs, the subject of this cause."

In a charge of felonious taking, it is not required that evidence show when, where, or by whom the goods were stolen. It is sufficient if the evidence presented affords an inference of the larceny. *Tanner v. State,* 37 Ala.App. 256, 66 So.2d 827.

The State's evidence that the hogs listed in the indictment had disappeared from Long's farm without his knowledge or consent was sufficient to authorize the jury to infer that they had been stolen. *Tanner,* supra. The State is not required in a buying, receiving and concealing charge to prove appellant actually stole the hogs.

THIRD: "The State of Alabama has failed to prove guilt."

The requisites necessary to prove a prima facie case of buying, receiving or concealing stolen property are:

". . . (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner." *Jordan v. State,* 17 Ala.App. 575, 87 So. 433; *Bills v. State,* 49 Ala.App. 726, 275 So.2d 706.

It is our opinion that the recited facts established sufficient evidence to warrant submission of this case to the jury. *McKee v. State,* 24 Ala.App. 175, 132 So. 68.

Appellant's motions were properly overruled.

Affirmed.

TYSON, HARRIS and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.