BOWEN, Presiding Judge.
Vince Edward Davis was convicted of receiving stolen property and was sentenced to life imprisonment as a habitual felony offender. He raises three issues on this appeal from that conviction.
I.
The trial court properly overruled the appellant’s Batson objection without requiring the prosecution to explain its peremptory strikes. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
Five members (approximately 17%) of the 30-member jury venire were black. The prosecution used three of its nine peremptory strikes to remove blacks. Two members (approximately 17%) of the jury were black. The percentage of blacks on the jury was identical to the percentage of blacks on the jury venire.
Here, the sole basis for the Batson objection was the fact that the prosecution struck three blacks. In denying the appel *137 lant’s motion, the trial court in effect determined that the appellant had failed to raise an inference of purposeful discrimination. We agree.
“The defendant may not prove his prima facie case solely from the fact that the prosecutor struck one or more blacks from his jury.... The defendant must offer some evidence in addition to the striking of blacks that would raise the inference of discrimination.”
Harrell v. State, 555 So.2d 263, 268 (Ala.1989). When the trial court is convinced that no inference of discrimination exists, the court is not “obligated to require the State to explain its strikes.” Huntley v. State, [Ms. 1910530, September 18, 1992], 1992 WL 228152, n. 2 (Ala.1992) (emphasis in original).
II.
Immediately before trial, the appellant made a motion in limine seeking to prevent the prosecution from attempting to impeach the appellant, in the event he testified, with his two prior convictions for possession of a forged instrument. At that time, the trial court stated that he would “take it under advisement.” R. 7. At the conclusion of the State’s case, defense counsel requested a ruling on his motion in limine. The trial court then stated that “the crime of possession, criminal possession of a forged instrument in the first degree is a crime involving moral turpitude.” R. Ill (emphasis added). Defense counsel replied, “Thank you, sir,” (R. Ill) and made no objection. The appellant did not testify at trial.
The record shows that the appellant has two prior convictions for possession of a forged instrument in the second degree. The offenses of criminal possession of a forged instrument in the second degree is defined as the possession of a forged instrument “with knowledge that it is forged and with intent to defraud.” Ala.Code 1975, § 13A-9-6(a). It is a Class C felony. § 13A-9-6(b).
Here, the trial court never held that the appellant’s prior convictions—convictions for the possession of a forged instrument in the second degree—were crimes involving moral turpitude. Furthermore, defense counsel never even alleged that the failure of the appellant to testify was based on the trial court’s denial of his motion in limine. “A party who suffers an adverse ruling on a motion in limine can preserve the ruling for post-judgment and appellate review only by objecting to the introduction of the proffered evidence and assigning specific grounds at the time of trial, unless he or she obtains the express acquiescence of the trial judge that a subsequent objection and assignment of grounds are not necessary.” Parks v. State, 587 So.2d 1012, 1015 (Ala.1991). Here, as in Parks, the appellant “failed to preserve for review the denial of his motion [in] limine, because the evidence of [the appellant’s prior convictions] was never introduced.” Parks, 587 So.2d at 1015.
III.
The appellant’s argument that the verdict is contrary to the weight of the evidence has not been preserved for appellate review by any objection in the trial court. See Johnson v. State, 500 So.2d 69, 72 (Ala.Cr.App.1986).
The appellant was indicted for theft in the first degree and receiving stolen property in the first degree. After the State rested its case, defense counsel “move[d] for a judgment of acquittal on count one of the indictment, theft one, on the grounds that the State has, failed to prove to the relevant degree the elements of theft as alleged in the indictment.” R. 111. Almost immediately afterward, the defense rested without presenting any evidence. At that time, defense counsel “renew[ed] [his] motion for a judgment of acquittal on count one of the indictment on the grounds that the State has failed to establish by the required degree of proof the elements as required.” R. 112. There was no motion for a new trial.
Moreover, even had this issue been preserved, it is without merit. The State’s evidence established that the appellant pawned certain of the recently stolen items of jewelry. “If a person ... [possesses *138 goods or property which have been recently stolen[,] ... this shall be prima facie evidence that he has the requisite [criminal] knowledge or belief.” Ala.Code 1975, § 13A-8-16(b). “The recent possession of [recently] stolen property casts on the defendant the onus of explaining his possession, and, if he fails to make a reasonable explanation, a presumption of guilt arises which will support a conviction [for receiving stolen property].” Boyd v. State, 150 Ala. 101, 105, 43 So. 204, 205 (1907). There was testimony that the appellant told an employee of the pawn shop that he obtained the jewelry from his deceased grandmother. The credibility of this explanation was a question for the jury. Walker v. State, 552 So.2d 906, 907 (Ala.Cr.App.1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.