SHAW, Judge,
concurring in the result.
The record indicates that Maurice Co-wan was never denied his right to testify at trial, although he elected not to do so, and that evidence concerning his contact with the juror was not introduced during the trial. Therefore, Cowan’s argument that he was induced by the State not to testify was not preserved for appellate review either by his motions in limine, see Davis v. State, 620 So.2d 136 (Ala.Crim.App.1993), citing Parks v. State, 587 So.2d 1012 (Ala.1991), or by his motion for a new trial, see Hamrick v. State, 548 So.2d 652 (Ala.Crim.App.1989). Furthermore, although the trial court’s adverse rulings on his motions for a mistrial are reviewable on appeal, I find no abuse of discretion on the trial court’s part. In essence, Cowan argued in his motions for a mistrial that it was manifestly necessary for the trial to be stopped. However, as noted, Cowan’s right to testify was not infringed by the trial court’s ruling on the motions in li-mine. In this respect, I also note that had Cowan, in fact, testified and had the State, in fact, been allowed, over subsequent objection, to introduce evidence concerning Cowan’s contact with the jurors, Cowan could have argued on appeal for a reversal of his conviction based upon that evidentia-ry ruling.