(101 So. 526)

## CROW v. STATE.  (5 Div. 481.)

(Court of Appeals of Alabama.  June 30, 1924. Rehearing Denied Aug. 19, 1924.)

1. **Criminal law ☞1168(5)—Refusal of general charge as to two counts without injury where acquittal directed as to one.**

Any error of court in refusing general charge as to both counts was without injury, where court directed acquittal as to count unsupported by evidence.

2. **Criminal law ☞1169(1) — Question referring to killing of designated person for purpose of fixing time of occurrence held harmless.**

In liquor prosecution, although witness had stated that he thought he was at still on certain date, it was harmless error to permit question to him as more definitely fixing time, "if it was not the day after the killing of Mr. L."

3. **Criminal law ☞351(3)—Evidence held admissible as constituting part of narrative tending to show defendant left state.**

Where sheriff testified that he gave defendant blank bond and let him go off to execute it, it was not error to overrule objection to question as to when he next saw defendant; his answer, when considered with subsequent testimony, forming part of narrative tending to show defendant left state when informed of charge against him.

4. **Intoxicating liquors ☞226—In prosecution for possessing still, evidence as to defendant's search for stills held irrelevant.**

In prosecution for possessing still, there was no error in sustaining objection to questions to witnesses propounded for purpose of showing that defendant had been engaged prior to event for which he was being tried, in aiding in locating and finding stills, being irrelevant to issues.

5. **Criminal law ☞889—No error in sending jury back to put verdict in proper form.**

Court, where verdict was not in proper form, did not err in sending jury back to put it in proper form under instructions as to proper form.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Mack Crow was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Crow, 211 Ala. 613, 101 So. 527.

The bill of exceptions shows that "the jury returned a verdict reading as follows: ————." Whereupon the court recalled the jury to correct the verdict.

Counsel for defendant objected to the court's action. The following then occurred:

"The Court: Are all the jury here? Gentlemen, go back in the room and write the verdict, and if you find the defendant guilty it would have to be under the second count of the indictment, as charged in the second count of the indictment; and, if not guilty, we, the jury, find the defendant not guilty.

"Mr. Sorrell: We wish to reserve an exception to the ruling of the court.

"The Court: All right. Gentlemen, go back into the room.

"Later the jury returned to the courtroom with the following verdict:

"We, the jury, find. the' defendant guilty as charged in the second count of the indictment. L. R. Ledbetter.

"The Court: Gentlemen, You will have to put 'Foreman,' there. Go back in the room.

"Later the jury returned to the court room with the following verdict:

"We, the jury, find the defendant guilty as charged in the second count of the indictment. L. R. Ledbetter, Foreman."

Jas. W. Strother, of Dadeville, for appellant.

Brief for counsel on original hearing did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment contained two counts; the first charging the defendant with making, manufacturing, etc., prohibited liquors or beverages, and the second charging the defendant with having manufactured, sold, given away, or having in his possession a still, apparatus, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. Conviction was had on the second count.

[1] There was evidence authorizing a conviction under the second count of the indictment, and the affirmative charge as to that count was properly refused. The court directed an acquittal as to count 1, and hence the refusal of the general charge as to both counts was without injury, if error.

[2] Although the witness Brown had stated that he thought he was at the still on December 12, 1921, it was harmless error to permit a question to him, as more definitely fixing the time, "if it was not the day after the killing of Mr. Lovelady."

[3] The sheriff testified that he gave the defendant a blank bond and let him go off to execute it. He was asked: "When he next saw the defendant in Dadeville, who was with him?" After objection overruled, he answered that he next saw the defendant in Opelika, and that Ote Carlisle was with him. It was further shown by this same witness that Ote Carlisle had been deputized by him as sheriff to go to Texas and bring back defendant to the county for trial. Several objections were interposed, and exceptions reserved; but each was properly overruled, as the whole narrative tended, when properly connected, which was done, to show that the defendant left the state of Alabama and went to Texas after he was informed that this particular charge was pending against him. The above observations apply with equal force to the objections interposed to the testimony of Otis Carlisle.

[4] There was no error in sustaining objection to the question propounded to the witness Crow, as to his knowledge of what business the defendant had been engaged in up in that section, prior to the event for which he was being tried, notwithstanding the statement made by defendant's counsel, "We propose to show that defendant had been aiding in locating and finding stills along at that time." It was irrelevant to the issues being tried. This is equally true of the objection interposed and sustained to a question asked the defendant by his counsel. "What were you doing over there?" and his answer, "Hunting stills." It subsequently developed in that connection that defendant was not at the time connected with the law enforcement department. In any event, the defendant had the benefit of the evidence sought in the further examination of the sheriff, in which all that was said was fully brought out.

[5] There was no error committed in sending the jury back to put their verdict in proper form, under instructions from the court.

Affirmed.