165 So. 601

**KOONCE v. STATE.**

4 Div. 235.

Court of Appeals of Alabama.
Feb. 4, 1936.

E. C. Boswell, of Geneva, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

Appellant, and others not on trial, were indicted jointly charged with burglary, grand larceny, and with receiving, etc., stolen property. The indictment contained three counts, and was in proper form and substance.

This appellant demanded and was granted a severance, and his trial resulted in his conviction under the third count of the indictment; the verdict of the jury being, as finally rendered: "We the jury find the defendant, Henry Koonce, guilty on the third count of the indictment." This verdict operated as an acquittal of the burglary and grand larceny counts of the indictment, which were, respectively, counts 1 and 2 thereof.

The first question appearing is the insistence of error in the action of the court as to the first verdict returned by the jury. Said verdict, read as follows: "We, the jury, find the defendant, Henry Koonce, guilty of grand larceny as charged under the third count of the indictment. Walker Hugen, Foreman." The court declined to receive this verdict, and stated to the jury: "Now, gentlemen of the jury, this verdict you have returned is not in proper form, and if you are satisfied in this case beyond a reasonable doubt from the evidence that the defendant is guilty of grand larceny, the form of your verdict would be: We the jury, find the defendant, Henry Koonce, guilty of grand larceny as charged in the second count of the indictment. The second count refers to grand larceny. If you are satisfied beyond a reasonable doubt from the evidence that the defendant is guilty under the third count, which is the count charging the defendant with buying, receiving, concealing, or aiding in concealing this property of C. D. Chapman, knowing that it was stolen, and not having the intent to restore it to the owner; if you find the defendant guilty under that count, which is the third count, the form of your verdict would be: We, the jury, find the defendant, Henry Koonce, guilty as charged under the third count of the indictment. The second count is grand larceny, and the third count is for buying, receiving, concealing, or aiding in concealing stolen property." And thereupon the court proceeded to again give the forms of the verdict to the jury.

The defendant objected to all of the foregoing, and excepted to the action of the court in overruling his objection.

In the foregoing matter the court acted within its province. Bentley v. State, 20 Ala.App. 635, 104 So. 679. In that case this court said: "It is duty of court and prosecuting officer to look after form and substance of verdict returned, so as to prevent an unintelligible or insufficient verdict from passing into records of court."

It has been repeatedly held, where a verdict was not in proper form, it is proper for the court to send the jury back to put it in proper form under instructions as to the proper form. Crow v. State, 20 Ala.App. 235, 101 So. 526; Ex parte Crow, 211 Ala. 613, 101 So. 527; Cunningham v. State, 14 Ala.App. 1, 69 So. 982; Wilson v. State, 191 Ala. 7, 67 So. 1010; Gaines v. State, 146 Ala. 16, 41 So. 865; Lide v. State, 133 Ala. 43, 31 So. 953; Dentler v. State, 112 Ala. 70, 20 So. 592.

The indictment in this case properly alleges the value of the stolen property, both in the count charging grand larceny, and in the third count mentioned above and upon which the conviction of this appellant was had. The only questions here involved pertain to this latter count.

The offense of receiving, etc., stolen goods is the receiving of such goods knowing them to have been stolen, and not having the intent to restore said property to the owner. The burden, therefore, rests upon the state to prove, beyond a reasonable doubt, the essential elements of the crime: (1) That the goods have been previously stolen; (2) that the accused has received the goods, knowing that they were stolen; and (3) that he received the property with the intention of depriving the owner thereof, or, as stated in the indictment, "not havng the intent to restore it to the owner thereof." Futher, in a case of this character (except where the statute declares the larceny of certain personal property to be a felony), it is essential to offer proof of the value of the alleged stolen goods, not only for the purpose of ascertaining the grade or nature of the crime committed, whether a felony or a misdemeanor, but also to sustain the averments in the indictment as to value.

In this case the record fails to show any attempt to prove the value of the goods alleged to have been stolen.

We note that the witness Chapman (the alleged injured party) was permitted to testify from a certain memorandum, prepared by his clerks or employees, but of which he claimed to have personal knowledge. Our rules of evidence permit a witness to consult memoranda in aid of his recollection under certain conditions, when, after examining a memorandum made by himself, or known or recognized by him as stating the facts truly, his memory is thereby so refreshed that he can testify as a matter of independent recollection to facts pertinent to the issue. In cases of this class, the witness testifies to what he asserts are facts within his own knowledge, and the only distinguishing difference between testimony thus given and ordinary evidence of fact is that the witness, by invoking the assistance of the memorandum, admits that, without such assistance, his recollection of the transaction he testified to had become more or less obscured. In cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury. The best we can gather, from the record, the memorandum referred to as being used by witness Chapman was "introduced in evidence." But nowhere in the record does this memorandum appear; hence we are not advised of its contents.

The record shows that the home of this appellant was searched for the stolen articles enumerated in the indictment. None of the stolen property was found in his home. In this connection witness Chapman testified: "I had the defendant's home searched. I didn't find any of the goods at his home that I have described here. At the time I had his home searched I had the officers take some merchandise out of his home to my store, and later upon the advice of some of the clerks that he had bought the merchandise I released it, his wife said the shoes and hat had been purchased by her and told me who she bought them from, and I asked if she would object to my taking them to the store and checking them against the number. I got them, there was no objection to my taking them. My recollection is that was before the defendant was arrested. I did, after checking with the clerks and records, return the goods to the defendant's wife, she bought them alright."

Witness Anna Ross, wife of one of the accused men, testified her husband, Coot Ross, had sent her a package by her daughter, and that the package contained "a rain coat, two pairs of shoes, and two slips." Also, that her husband afterwards took from said package and carried away "the rain coat and shoes and one pair of shoes and slippers"; and that she took the remaining pair of slippers and one slip wrapped in a paper to Henry Koonce, and he said "much oblige." The foregoing articles were not shown by the evidence to have been a part of the goods stolen from the Chapman store. So far as this evidence tends to show, these two articles, "a pair of slippers and a slip," were the only articles actually in the possession of this appellant, and as to these the defendant testified the woman Anna Ross brought them to his house and tried to sell them to him, and that if they had been stolen he had no knowledge whatever of that fact.

As this case appears in this record, there is no escape from reversing the judgment of conviction from which this appeal was·

taken. We shall not attempt to discuss in detail every exception reserved to the court's rulings on the trial of this case. They are innumerable, and a detailed discussion could serve no good purpose.

We are of the opinion that, in addition to what has been said, the court erred to a reversal in overruling defendant's motion for a new trial. The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.