Gordon J. GRAVEL, Appellant,

v.

STATE of Alaska, Appellee.

No. 1502.

Supreme Court of Alaska.

Aug. 4, 1972.

Lawrence J. Kulik, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellant.

James M. Hackett, Asst. Dist. Atty., Monroe N. Clayton, Dist. Atty., Fairbanks, John E. Havelock, Atty. Gen., Juneau, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

CONNOR, Justice.

In this case we are faced with the question of whether an inconsistency between jury verdicts requires a reversal when a subsequent verdict, proper in form, was rendered by the same jury.

■ Appellant was charged, under AS 17.12.010, with possession of stimulant drugs with intent to sell. After all evidence had been taken and arguments of counsel were completed, the jury was instructed and given the following verdict forms:

### VERDICT NO. I

"We, the Jury, duly impaneled and sworn to try the above-entitled cause, do find the defendant, Gordon J. Gravel, _____ of the crime of
(guilty) (not guilty)
possessing a stimulant drug with the intent to sell as charged in the Indictment in this cause.

DATED at Fairbanks, Alaska, this _____ day of March, 1971.

_____ "
Foreman

### VERDICT NO. II

"We, the Jury, duly impaneled and sworn to try the above-entitled cause, do find the defendant, Gordon J. Gravel, *not guilty* (emphasis supplied) of the crime of possessing a stimulant drug with the intent to sell as charged in the Indictment, but do find the defendant _____ of the included
(guilty) (not guilty)
offense of possession of a stimulant drug as charged in the indictment.

DATED at Fairbanks, Alaska, this _____ day of March, 1971.

_____ "
Foreman

When the jury returned, both forms were signed by the foreman. The judge read Verdict No. I, which found the appellant guilty, and then started to read Verdict No. II. Before the judge had completed reading the second verdict, he stopped and asked both counsel into chambers.

In chambers the judge informed counsel that the jury had returned guilty verdicts on both forms, thereby indicating that the defendant was both guilty and not guilty of the possession for sale offense and guilty of the possession offense. If accepted, these verdicts would have been inconsistent because they found appellant guilty of both the lesser included offense and the greater offense.

The judge informed the jury that he would not accept the verdicts. The judge then told the jury that he was giving them

new verdict forms and asked them to continue their deliberation instructing them to read the verdict forms carefully. This resubmission of the verdict forms was suggested by the defense counsel and unanimously accepted by court and counsel. The first set of verdict forms was then voided with the consent of counsel.

When the jurors again returned from their deliberations for the second time, only Verdict No. I was signed. The jury was then polled, at the request of appellant's counsel. Two of the first five jurors questioned announced their disagreement with the verdict.

The judge sent the jury back to deliberate for a third time. No motion or objection was made by defense counsel at this time. When the jury returned, they had reached a verdict. They submitted Verdict No. I, signed, and indicated agreement with it upon being polled. Again appellant's counsel was silent.

In asserting that the conviction should be reversed, appellant relies on De Sacia v. State, 469 P.2d 369 (Alaska 1970). In *De Sacia* this court reversed a conviction when the verdicts on two counts of a manslaughter indictment were inconsistent, and the court was left to speculate as to why the jury had returned such a verdict.

If the first verdict had been accepted by the court in this case, the *De Sacia* problem might have been presented. However, that question is not presented in this case. By the conclusion of this case, the jury had rendered an acceptable verdict, both in form and in substance.

The question in this case, therefore, is whether the trial court should have refused the first verdict as being inconsistent.

In Goss v. State, 369 P.2d 884 (Alaska 1962), a case presenting a similar problem, the crime charged was burglary. The trial court refused to accept the verdict because the jury did not find the value of the property taken. The trial court returned the case to the jury with instructions to ascertain the value of the property. In *Goss* we upheld the action of the trial court and stated:

> "We find that the action of the trial court under the circumstances was in the interests of the defendant and was fully justified to clear up the situation resulting from the return of a defective verdict." 369 P.2d at 888.[1]

The trial court made a proper attempt to alleviate the confusion. The authorities support his action in not accepting a verdict that reflected confusion and would have led to a mistrial.

■ We approve of the action of the court in this case because the trial court has the duty to assure that the jury reaches a decision that can be legally accepted as a verdict, if at all possible.

State v. Williams, 89 N.J. Law 234, 98 A. 416, 417 (Ct. of Errors & Apps. of N.J. 1916), defines a verdict in a legal sense as:

> "[T]he definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination—a process in which not only must deliberation precede determination, but in which so long as the one continues the other has not been reached. Hence, so long as the jury is in common parlance 'agreeing upon its verdict' it has not convicted the defendant and the process of agreeing upon a verdict continues as long as there is any uncertainty or contingency as to the finality of such determination."

We approve of this definition. Certainly the first two attempts made by the jury did not result in legally valid verdicts. Until the court accepted the third preferred verdict there was, neither in law nor in fact, a verdict.

The record is free of any indication that the judge applied any coercive force on the

1. *Accord*, Koonce v. State, 27 Ala.App. 46, 165 So. 601 (1936) ; People v. Billingsley, 161 Cal.App.2d 247, 326 P.2d 642 (1958) ; State v. Di Pietro, 120 Conn. 537, 181 A. 716 (S.Ct. of Errors of Conn.1936) ; West v. State, 228 Ind. 431, 92 N.E.2d 852 (1950).

jury to compel them to reach a verdict, a practice proscribed by this court in Fields v. State, 487 P.2d 831 (Alaska 1971).[2] It is conceivable that a procedure like that used in the case at bar could prejudice the rights of a criminal defendant if undue influence were exerted on the jury by the trial court. While we have recognized errors that have not been properly objected to by the defense counsel at trial,[3] this case not only presents a lack of objection to the procedure by which the verdict was reached but an active participation in the formulation of that decision by defense counsel. Because no error appears on the record and the procedure followed by the court below was proper, we must affirm.

As we have found for the appellee on the main issue, it is unnecessary to consider appellant's assertion that another trial for the greater offense would place him twice in jeopardy.

Affirmed.

---

2. Alaska R.Crim.P. 31(d) states as follows:

"When the verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If, upon the poll, there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged."

3. Alaska R.Crim.P. 47(b); Hammonds v. State, 442 P.2d 39 (Alaska 1968).