326 So.2d 316

**Leroy WILSON**

**v.**

**STATE.**

**4 Div. 202.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Rehearing Denied Dec. 16, 1975.

Alice L. Anderson, Enterprise, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent and a minor with the same appointed counsel here and at nisi pruis, was convicted of robbery with punishment at thirty years.

It appears that this defendant was tried and convicted by a jury for the offense of robbery without being informed of his option to be tried under the terms of the Youthful Offender Act, which has been codified as T. 15, §§ 266(1), (2), (3), (4), (5), and (6), Recompiled Code 1958, and construed in *Morgan v. State,* 291 Ala. 764, 287 So.2d 914.

The Supreme Court in *Morgan* held that the Act "charges the trial judge with the

duty to refer any person under 21 years of age * * * to a probation officer to make such investigation requested by the court. Referral in such event is not discretionary, but mandatory, on the part of the trial judge. * * *."

The instant case was, on February 18, 1975, remanded to the trial court with direction to make known to appellant his right to petition for trial as a Youthful Offender, and, should he elect to be tried as such offender, that the petition be referred to a probation officer for investigation.

◼ The trial court, after remand, heard the defendant's petition. Evidence was orally adduced before the trial court; also the defendant was informed of the report of the probation officer who made an investigation after remand and prior to the hearing. The trial court denied this petition. Such denial was discretionary with the trial court. We will not disturb.

The Supreme Court in *Clemmons v. State*, 294 Ala. 746, 321 So.2d 238, modified *Morgan* so that the trial courts may now make or order an investigation; if they deem necessary they may then make a determination whether or not to accord youthful offender treatment to the accused. *Cooks v. State*, 55 Ala.App. 537, 317 So.2d 504, 506.

### ON THE MERITS

The indictment accuses appellant of robbing Ruth Helms of $281.00 in lawful money. She was in charge of the Scooter Store in Hartford, Geneva County, Alabama. The robbery occurred about 10:30 at night. Appellant had an accomplice who was also indicted and convicted of robbery. He was with appellant in the store.

Mrs. Helms, the victim, made a line-up and also an in-court identification of defendant.

The evidence shows that Mrs. Helms waited on both Wilson and his partner when they were in the store and had an opportunity to observe them both for about five minutes before they made demand for money. They were armed with guns.

After they were detained by officers, the witness made a line-up identification. This took place in the Scooter Store in Hartford. She also identified both persons at that time.

◼ It is true at the latter identification neither accused had a lawyer present. At that time adversary judicial criminal proceedings had not attached or begun. He was not then entitled to counsel. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972).

Line-up questions were discussed in the following cases: *Stovall v. Denno*, 388 U. S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L. Ed.2d 402; *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387; *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L. Ed.2d 401.

The observations of Justice Powell in *Neil*, supra, are appropriate here. We quote:

"Some general guidelines emerge from these cases as to the relationship between suggestiveness and misidentification. It is, first of all, apparent that the primary evil to be avoided is 'a very substantial likelihood of irreparable misidentification.' *Simmons v. United States*, 390 U.S., at 384, 88 S.Ct., at 971 [19 L. Ed.2d 1247]. While the phrase was coined as a standard for determining whether an in-court identification would be admissible in the wake of a suggestive out-of-court identification, with the deletion of "irreparable" it serves equally well as a standard for the admissibility of testimony concerning the out-of-court

identification itself. It is the likelihood of misidentification which violates a defendant's right to due process, and it is this which was the basis of the exclusion of evidence in *Foster*. [*Foster v. California,* 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402] * * *" (Bracketed matter added.)

* * * * * *

"We turn, then, to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. * * *" 409 U.S. at 198–200, 93 S.Ct. at 381, 34 L.Ed.2d 401 at 410–411.

This court followed the same reasoning in *Thomas v. State,* 50 Ala.App. 227, 278 So.2d 230. We quote:

"* * * The line-up was not tainted and the circumstances do not show an unfairly constituted line-up, nor was it shown to have been conducted in such an unnecessarily suggestive manner as to be conducive to irreparable mistaken identification. Even if the line-up were to be thought to be violative of due process, the in-court identification need not be rejected if it is shown to have a source independent of the line-up. We are of the opinion that there was sufficient evidence before the trial court, some already alluded to, to show that the in-court identification by the rape victim had an independent origin, hence, fulfilling the legal requirements. *United States v. Wade,* supra; *Houston v. State,* 49 Ala.App. 403, 272 So.2d 610; *Foster v. California,* 394 U.S. 440, 89 S.

Ct. 1127, 22 L.Ed.2d 402; *Redmon v. State,* 47 Ala.App. 421, 255 So.2d 604." 50 Ala.App. at 232, 278 So.2d at 234.

■ The voice identification of defendant by the victim did not impinge on defendant's constitutional rights. It was not of a "testimonial or communicative nature * * *." *Schmerber v. California,* 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908. A person's voice is a "physical characteristic," subject to be compelled to disclose to identifying witness. *United States v. Wade,* 388 U.S. 218, at page 222, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

Appellant also contends the officers' search of an automobile in which some bills and coins were found was illegal.

■ It appears from the evidence that the searched automobile was neither the property of appellant nor of his companion in the robbery; nor was it at the time of the search under their control or in their possession. Defendant had no proprietary interest in the searched vehicle. Defendant was without authority of law to object to the evidence relating to the search or the money found in the car. *Davidson v. State,* 48 Ala.App. 446, 265 So.2d 888(4), cert. den., 289 Ala. 741, 265 So.2d 897; *Sanders v. State,* 278 Ala. 453, 179 So.2d 35(17); *Bridges v. State,* 52 Ala.App. 546, 295 So.2d 266.

We have searched the record, as is our duty, to find error prejudicial to defendant. We find none.

The judgment should be and it is affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.