BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant was indicted, tried and convicted of robbery. Sentence was fixed at twenty-five years imprisonment.
Defendant informed the trial judge that he preferred to represent himself at the trial. The judge warned him of the inadvisability of such preference and insisted that he accept the professional services of the court’s public defender. He continued to. decline.
However, the trial judge requested the public defender to sit at counsel table with defendant and make his services available to defendant if he requested his assistance. Defendant was so informed, and the trial proceeded under such setup. Defendant conducted his own defense.
*121 This appeal is in forma pauperis with appointed counsel filing a brief here that asserts and argues reversible errors.
The first insistence is that the trial court erred in overruling defendant’s motion to suppress the identification by lineup for that defendant at such proceedings was not allowed to obtain his counsel which he asserted he has retained.
It seems that defendant was in jail in Louisiana, (under what authority is not clear), when the lineup was there held. No warrant for his arrest on the instant robbery was issued nor arrest made thereunder until after the lineup.
On voir dire cross-examination of Detective Cooper of Tuscaloosa, Alabama, who was present at the lineup, defendant (representing himself) questioned Cooper:
“Q. Do you remember me telling you that I wanted to have my attorney there?
“A. No, sir. I don’t.
“Q. It was whenever you first came in and talked to me, I told you I wanted my attorney.
“A. The first time I talked to you was when you were in the jail cell, do you remember that?
“Q. No, I don’t remember you coming around to talk to me.
“A. Well—
“Q. But, you don’t recall me telling you that I wanted my attorney?
“A. I recall you telling me that you would not sign anything and would not make any statement whatsoever. I advised you of your rights and told you we were going to have a lineup and you could call a lawyer if you wanted to.
“Q. And I didn’t sign your card.
“A. No, sir.
“Q. Okay. But, you don’t recall me saying I wanted my attorney?
“A. No, sir. Like I said, I advised you of your rights and advised you we were going to have a lineup and you could have an attorney if you wanted one and you were offered a chance to make a phone call.”
Defendant testified on his motion:
“PLUTARCHO HILL, having been first duly sworn to speak the truth, the whole truth and nothing but the truth, testified as follows:
“MR. HILL: Your Honor, my argument on this Motion is that I did ask for an attorney and that I had an attorney and I think that I was — the identification that was made on me was improper because I did ask for an attorney and I had a right to an attorney.
“THE COURT: Do you know what his name was?
“MR. HILL: Yes. I had two, Mr. Erving Greenburg and Mr. Mater of Shreveport, Louisiana.
“THE COURT: Now, since you are representing yourself, do you contend as a matter of law that you were entitled to an attorney? Is that your contention?
“MR. HILL: Yes, sir. I believe that I was entitled to it.
“THE COURT: All right.
“MR. HILL: To have my lawyer there when I came down, when I was brought down for the lineup. I told the Shreveport jailers there, I didn’t want to go in front of the lineup because — until my lawyers were there, and they wouldn’t let me make the phone call to get in touch with my lawyer and they put me in front of the lineup anyway.”
Thus, it is in dispute whether defendant ever asked for an attorney to be present at the lineup. It was an issue for the court to decide. By the court’s ruling denying the motion, this issue among others was decided against defendant. It did not affirmatively appear to the satisfaction of the trial court and here that any request by defendant for an attorney was ever made. The record on the motion indicates that defendant had previously been convicted for burglaries and other robberies; also for other offenses. The court was authorized to assess defendant’s credibility in the light of those prior convictions.
*122 As we pointed out, supra, no warrant of arrest in the instant offense was issued until after the lineup. For aught appearing he was in the Shreveport jail for another offense. No indictment had been returned. He was not entitled to counsel at the lineup.
Presence of counsel is not required at a lineup conducted before indictment. Humphrey v. State, 54 Ala.App. 62, 304 So.2d 617; Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Thomas v. State, 50 Ala.App. 227, 278 So.2d 230; Houston v. State, 49 Ala.App. 403, 272 So.2d 610.
Under the attending circumstances and the doubt about an attorney being requested at the lineup, we will not hold the court in error for denying the motion to suppress. We pretermit deciding the legal impact of a request for an attorney at the lineup, had such request been made.
With further reference to the lineup, it appears that a picture (Exhibit No. 1) of six men (including defendant) in a lineup was identified and introduced as a picture of the lineup in issue. The State caught the mistake and moved to withdraw the picture. The motion was overruled.
It appears as we read the evidence there were only five men in the instant lineup, including defendant, while the exhibit showed six men. It was shown that four of the men in Exhibit No. 1 were in defendant’s lineup; defendant was among the four. Two of the men in Exhibit No. 1 were not in the lineup picture. The court took this into consideration in hearing the evidence on the motion.
The victim of the robbery and a visitor in his office when and where the robbery occurred both identified defendant as the robber.
Their evidence shows that the office was well lighted and the robbery was in the daytime. The ordeal took three or four minutes and defendant was close enough to the victim to touch his clothes that he was wearing.
We have read the evidence and agree with the trial court that there was no credible evidence that indicated suggestion as to the identity of the robber who appeared in the lineup. The fact that defendant was an Indian could have caused the victim and the visitor to notice and remember his physical features and made him more identifiable than otherwise. The presence of Indians in Tuscaloosa, where the robbery occurred, we would say is rare.
We think that the identifying evidence of victim and the visitor was admissible. Leroy Wilson v. State, 57 Ala.App. 125, 326 So.2d 316, cert. denied Ala., 326 So.2d 319; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; Thomas v. State, 50 Ala.App. 227, 278 So.2d 230.
The judgment of conviction is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7,1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.