BOWEN W. SIMMONS, Retired Circuit Judge.
Indictment for burglary of an inhabited dwelling house. Judgment of guilt with punishment fixed at ten years imprisonment. Appellant was an indigent at nisi prius and here with different appointed counsel.
The burglary occurred about 3:00 A.M. on October 20, 1975, at which time the sole occupant of the house, Wilma Matthews, was attracted by a noise at the back door, to which she went for an investigation. Someone wanted to get in. She retreated to the bathroom, entered and locked the door. She called police who responded forthwith to investigate. The intruder tried to get in the bathroom. The occupant never saw the burglar and could not identify him at the trial. Defendant did not take the stand.
Officer Boothe testified that after some delay in locating the dwelling house, he reached there and as he drove up he saw a car, a green 1967 Mustang, pulling away from the curb. This vehicle bore license plate number 3-78180. About two days later, this same vehicle was at the home of defendant’s mother when the officers went there to see defendant, who, when they arrived, was sitting on the hood. The license plate was not registered in the name of defendant.
This same witness testified that defendant told him, after proper predicate was proved, that he was in the neighborhood that night checking on his wife. It appears that the burglarized premise was part of a duplex building in which the wife of defendant had one side and the burglary victim the other.
It further appears from the evidence of the victim that she had an electric light burning on the back porch and it was off when the police arrived. One of the officers retrieved the bulb and took it to the *563 police department. It later became the subject of examination for finger prints, which were obtained by a scientific process.
It further appears that the officer found in the automobile, Exhibits 5, 6, 7 and 8, which were a toy pistol, socks, mask, and screwdriver.» The court sustained defendant’s objections to the introduction in evidence of these exhibits.
I
Appellant contends that the trial court erred in overruling his motion for a mistrial. It arose when the court sustained defendant’s objection to the following question:
“Q. Where was this that you heard these statements from the defendant?
“A. It was at a parole violation hearing.”
The court excluded the answer and instructed the jury not to consider it.
We think the exclusion was sufficient. Besides, it is not shown that the hearing was on defendant’s parole violation. It was just a hearing and it is not shown that defendant was involved. Later the witness testified (omitting any reference to a parole hearing) that at the courthouse he heard the defendant say (at which time his attorney was present) that “. . . his wife called him over there that night.” There was no objection to the question that elicited this answer.
Under the ruling of the court, the exclusion and the admonition to the jury, we see no error in overruling the motion for a mistrial.
II
The next contention is that the court erred in admitting into evidence, over proper objection, certain fingerprint cards because the custodial chain was not established. Defendant was objecting to exhibit 9, the latent fingerprint.
We observed from the record that this card was properly identified before admission.
We do not see that the fingerprint card requires evidence of a chain of custody free of any gap. The card was identified as an impression of the fingerprint on the light bulb and was the same as the impression of defendant’s fingers on the inked card also in evidence. We think the identification was sufficient and it was not necessary to establish a complete chain of custody. If there was a substitution or a mutilation of the evidence, the identification could not be established for the reason that identification of fingerprints is based on the premise that no two persons have the same fingerprints. The evidence established the fact that the latent print was taken from the bulb and that the inked print was that of the defendant, and by expert testimony that the two prints came from the hand of one and the same person. The objection had no merit. U. S. v. Robinson, 145 U.S.App.D.C. 46, 447 F.2d 1215 (1971); U. S. v. Christopher, 488 F.2d 849 (9 Cir., 1973).
Ill
Defendant cannot here complain that the search of the automobile at the police station was illegal and that the seizure was the poisoned fruits of an illegal search.
It is to be noted that defendant put on his mother who testified that the automobile was her property; thus we find defendant disclaiming ownership of the searched automobile. The automobile, after the search, was turned over to his mother and she took possession; defendant requested that his mother be allowed to take the automobile. It was her property and was not in his possession when the search was made.
We held in Wilson v. State, 57 Ala.App. 125, 326 So.2d 316, cert. den. 295 Ala. 429, 326 So.2d 319, as follows:
“It appears from the evidence that the searched automobile was neither the property of appellant nor of his companion in the robbery; nor was it at the time of the search under their control or in their possession. Defendant had no proprietary interest in the searched vehicle. Defendant was without authority of law *564 to object to the evidence relating to the search or the money found in the car. Davidson v. State, 48 Ala.App. 446, 265 So.2d 888(4), cert. den., 289 Ala. 741, 265 So.2d 897; Sanders v. State, 278 Ala. 453, 179 So.2d 35(17); Bridges v. State, 52 Ala.App. 546, 295 So.2d 266.”
The items seized in the search and offered in evidence were of such character that they could have been used (and it was up to the jury to say) in this burglary.
We see no error in admitting the items in evidence.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provision of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
The judgment is hereby AFFIRMED.
All the Judges concur.