The indictment charged appellant-defendant with transporting prohibited liquors in quantities of five gallons or more. A jury returned a guilty verdict. The trial court imposed punishment of eighteen months imprisonment. Probation was denied. This appeal is from the judgment.
The instant indictment charges a violation of Title 29, § 187, Code of Alabama 1940, Recomp. 1958, now appearing in §28-4-115, Code of Alabama 1975. The alleged offense took place in Franklin County, which is a dry county. This § 28-4-115, Code of Alabama 1975, supra, remains in full force and effect in dry counties. See § 28-4-4, Code of Alabama 1975. It is to be noted the foregoing section relating to transporting alcoholic beverages in dry counties has been modified by §28-4-200, Code of Alabama 1975.
 ON THE MERITS
It appears as evidence that an officer of the law, Rudy R. Smith, employed by the Alabama Alcoholic Beverage Control Board, parked his automobile in an area near a private residence in Franklin County, Alabama, where he could observe, with the aid of binoculars, motor vehicular activities in the area of this residence. This was on July 1, 1978. It appears that defendant drove up to the back door of this residence, occupied by Howard McGee, alighted and knocked on the back door. It was then that Officer Smith drove his car to a closer point. The lights of the officer's car shone on the defendant's automobile. The officer did not have a search warrant nor did he procure one. He got out and warned the defendant not to close the car door. He observed in plain view several cases of Budweiser beer in the trunk of the car and some whiskey. *Page 2 
On a hearing of a motion to suppress, it appears that the defendant's automobile contained some 1201 twelve ounce cans of Budweiser beer and six gallons of ABC Board whiskey, all Alabama tax paid. The amount of alcoholic beverages in the automobile greatly exceeded the permissible amount authorized by § 28-4-200, Code of Alabama 1975, supra, in dry counties.
 I
Appellant contends that the officer's seizure of the alcoholic beverages in his vehicle at the back door of the McGee residence was illegal and the evidence should have been suppressed because the officer making the seizure did not have a search warrant.
It appears from the evidence that Officer Smith was some distance off the McGee premises when he observed some alcoholic beverages (Budweiser beer) in the trunk of the car when the door was opened. It was then that he got closer and upon entering the premises, observed the quantity of beer and whiskey above noted. We note here that the defendant's automobile, at the time, was upon the premises of Howard McGee and that defendant did not own or have any proprietary interest in such premises. It appears that defendant was there to make a delivery of the prohibited beverages. Hence, defendant has no standing here to complain that the officer made an illegal entry on the premises if such be a fact. Wilson v. State,57 Ala. App. 125, 326 So.2d 316 (4), cert. den. 295 Ala. 219,326 So.2d 319.
The beer and whiskey (above the quantity permitted by §28-4-200, Code of Alabama 1975) were in plain view of the officer, after he entered the premises, and no search warrant under such circumstances was required. Youngblood v. State,47 Ala. App. 571, 285 So.2d 913 (2). We hold that the seizure was lawful.
 II
Appellant also asserts that the court committed prejudicial error in commenting on the evidence before the jury. It appears that Officer Smith testified on direct that no one else was with him in the immediate area of the Howard McGee residence. Defendant introduced in evidence Officer Smith's written report which stated: "At the above time and place the listed ABC Agents (Smith and Hill) were stationed on transportation surveillance on Highway 75, near Howard McGee's residence. We observed Herbert J. Copeland (later identified) drive by us and turn into the driveway of Howard McGee's residence, drive into the rear of the residence, turn the lights of the vehicle off, and get out and knock on the kitchen door. . . ." The witness answered: "Myself and David Hill was in the area, but he was not with me."
From the record:
 "Q I'll ask you this question, Mr. Smith, did you come up here and testify before this Jury under your oath, that you were alone in that car?
"A I was.
 "Q And did you testify to them that only you saw this and then put in this report, we and agents saw that, in an attempt to deceive this Jury?
 "MR. JOLLY: Objection, Your Honor, I object to that.
 "THE COURT: Mr. Hunt, you have read it and I presume you have read it right, I don't think it is contradicted. He didn't say nobody ever saw it and so forth."
It was then that defendant moved for a mistrial on the ground the remark of the court, supra, was a comment on the evidence.
We do not think the comment was prejudicial to defendant. It was casual and addressed to the attorney, not the jury. If the ruling was error, it was without injury to defendant.
 III
A final contention of error appears as follows:
 "Q When did you were there at that location, (sic) what did you see at the McGee house?
* * * * * * *Page 3 
 "A I seen several vehicles come up the highway, turn into the driveway and go into the rear of the highway and go to the rear of the highway and make a purchase of alcoholic beverages.
 "MR. HUNT: If the Court please, we move the Court to strike that issue, it's prejudicial and it's irrelevant to the issues in this case and it's thrown in by the state just to prejudice this Jury and this defendant.
"THE COURT: Overruled."
Use of the phrase "to strike that issue" is ambiguous. We are not certain what relief the motion sought. The court did not err in overruling the motion to strike.
Assuming arguendo that defendant seeks to strike the reference of the witness Smith to occupants of the vehicles making purchases of alcoholic beverages, we do not think that defendant should complain. A reasonable inference to be drawn from the evidence is that defendant was there to deliver a load of alcoholic beverages in furtherance of the illegal sales of alcoholic beverages that the witness testified were taking place. The adage that the "pot shouldn't call the kettle black" fits the situation. The delivery of the beverages by defendant was so closely related to the alleged sales as to become a part thereof. We will not say that the delivery and the sales constituted the res gestae, but there was a very intimate relationship although a time factor was involved. Suffice it is that we will not reverse and remand because of this evidence. Defendant suffered no injury thereby.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Court, serving as a Judge of this Court, under the provisions of § 6.10, of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.