TYSON, Judge.
Kenneth Patrick Quinlan was indicted for the offense of burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975. The appellant was found guilty of this offense and sentenced to fifteen years’ imprisonment in the penitentiary-
At approximately noon on May 7, 1987, Katrina Grantham arrived at her home where she lived with her parents. The Grantham home is on Miracle Drive, which is located off Flat Top Road in Jefferson County, Alabama. When Katrina went into the house, she noticed that a television and a VCR were missing from the house. Katrina also found that the drawers in her mother’s room were on the floor and articles from her mother’s closet were strewn about. Katrina then looked out the window of the house and she saw two men in her front yard. The two men were carrying a television and a VCR. Katrina identified the appellant as one of the men she saw that day.
William Grantham, Katrina’s father, testified that he met several police officers from the Jefferson County Sheriff’s Department at his home at approximately 3:30 p.m. on the day in question. The officers were standing near a car which was located on a cut-off road from his driveway. This cut-off road had previously been Grant-ham’s driveway to his home. The officers recovered a locket and several pocket watches from this vehicle. Grantham testified that these articles belonged to him and had been removed from his house. Grant-ham also stated that a television, a VCR, and a pillowcase containing some jewelry, all of which belonged to him, were recovered in the woods near this vehicle. These articles were found approximately 1000 feet from his home. When Grantham went to his home, he noticed that a lock to his basement door had been broken and the door had been pried open.
Terry Stone testified that he was at a friend’s house located across Flat Top Road from the Granthams’ house on the afternoon in question. As he was leaving around 5:00 p.m., the appellant jumped into his car and told Stone to take him as far away from the area as possible because he had had a fight with his girl friend. Stone replied that he could not take him very far *628 because he lived nearby. The appellant gave him $15 and Stone took him to a Shot-a-Snak in Graysville, about ten miles away.
Sergeant D.R. Gaskey, an investigator with the Jefferson County Sheriffs Department, testified that a Philip Bradley was apprehended across Flat Top Road from the Granthams’ house. Bradley was hiding in a boat in a neighbor’s yard.
Gaskey also testified that the vehicle found near the Granthams’ house was impounded that afternoon. The next morning, Tammy Biddle met him in the im-poundment lot. A further search of the vehicle was made with the owner’s consent. Two billfolds were recovered from the vehicle. One of the billfolds contained the appellant’s driver’s license and the other billfold contained items with Philip Bradley’s name on them.
I
The appellant argued at trial that the search of the vehicle parked on the cut-off road off the Granthams’ driveway was illegal and moved to suppress the items found inside the vehicle as a result of the search. The trial judge held that the appellant did not have standing to challenge the search and denied the motion to suppress.
“In order to contest the legality of a search or seizure, the defendant must establish that he or she had a ‘legitimate expectation of privacy’ in the place searched or in the property seized.” United States v. Kovac, 795 F.2d 1509, 1510 (9th Cir.1986). “[RJights assured by the Fourth Amendment are personal rights, [which] ... may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure.” Rakas v. Illinois, 439 U.S. 128, 138, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978) (quoting Simmons v. United States, 390 U.S. 377, 389, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247 (1968)). The burden is on the defendant to establish that his own constitutional rights were violated by the challenged search and seizure. McCraney v. State, 381 So.2d 102 (Ala.Crim.App. 1980).
The appellant testified at the suppression hearing that the vehicle in question had been lent to him that morning by the owner, Tammy Biddle. That morning, he and Philip Bradley were riding around in this vehicle. They stopped on Highway 78 to put some water in the radiator. The appellant got out of the car and opened the hood and Bradley drove off in the car. The appellant stated that he began walking and found the car on the cut-off road. The car was stuck in a ditch and the keys were locked in the car. The appellant then left the car where he found it. Grantham testified that Highway 78 was at least eight miles from his house. He stated that the vehicle would not have been visible from the main road. There was also testimony that the keys were not in the car when it was searched.
We find that the appellant failed to establish that he had a “legitimate expectation of privacy” in the vehicle which was searched or in the items which were seized from the vehicle. The appellant did not assert a property or possessory interest in the jewelry found inside the vehicle and, thus, he cannot contest the validity of the seizure of these items. German v. State, 492 So.2d 622 (Ala.Crim.App.1985), cert. quashed, (Ala. 1986); Myers v. State, 431 So.2d 1342 (Ala.Crim.App.1982), cert. quashed, 431 So.2d 1346 (Ala.1983); Chandler v. State, 426 So.2d 477 (Ala.Crim.App. 1982), cert. denied, (Ala.1983). While the appellant did have an interest in the wallet containing his driver’s license, which was removed from the vehicle, its seizure by the police was valid since it was found during a search to which the owner of the car consented.
The appellant did not own the vehicle and, thus, had no “inherent right to control the car.” Kovac, 795 F.2d at 1510. Therefore, he had no property interest in the vehicle. Smith v. State, 346 So.2d 500 (Ala.Crim.App.1977).
The appellant asserts that he did have a possessory interest in the vehicle since it had been lent to him that morning by the owner. We disagree with this as *629 sertion since the appellant did not have either possession or control of the vehicle at the time of the search. Therefore, he has no right to object to the legality of the search of the vehicle in question. Kovac; United States v. Peters, 791 F.2d 1270 (7th Cir.1986); Lewis v. State, 335 So.2d 426 (Ala.Crim.App.1975), cert. denied, 335 So.2d 429 (Ala.1976); Wilson v. State, 57 Ala.App. 125, 326 So.2d 316 (1975). There is no error shown here.
II
The following occurred after the jury deliberations:
“THE COURT: Ladies and gentlemen, I understand you have reached a verdict. (Off the record)
“THE COURT: If you would stand and give your name and read the verdict.
“FOREPERSON: Joseph Deegan. We, the jury, find Kenneth Patrick Quinlan guilty of robbery in the third degree as charged in the indictment.
(Jury polled, each juror answering in the affirmative that this was his or her individual verdict)
(Off-the-record discussion)
“THE COURT: What did you say your verdict was?
“FOREPERSON: Guilty.
“THE COURT: Of what?
“FOREPERSON: Third Degree.
“THE COURT: It says robbery. Is that what you deliberated on?
“FOREPERSON: No, sir. Burglary.
“THE COURT: You understood that it was burglary in the third degree?
“FOREPERSON: Yes, sir.
“THE COURT: You did deliberate on burglary in the third degree?
“FOREPERSON: Yes, sir.
“THE COURT: And that is what you found him guilty of?
“FOREPERSON: Yes, sir.
“THE COURT: Mr. Deegan, is that what you tell this Court your deliberation was on burglary in the third degree? “FOREPERSON: Correct.
(The Court polled each individual juror, each answering in the affirmative that burglary was what they based their deliberation upon)
“THE COURT: Anything you want to say?
“MR. BOUDREAUX: Yes, sir.
“THE COURT: Anything else that would be done it would be this jury. “MR. BOUDREAUX: I would except to the jury’s finding of robbery in the third degree. That’s clearly the verdict that was returned and signed by the foreperson, and even though this Honorable Court’s actions in trying to correct the mistake, I feel it is in error and respectfully except.
“THE COURT: This jury has made no mistake. Mere technicalities in typing. The clerk put robbery there. This jury stated in court under oath that their deliberation was on burglary, and at no time did they think they were deliberating on robbery. It is a mere technicality on the verdict form. So you have an exception.
In accordance with the jury verdict, the Court finds Kenneth Patrick Quinlan guilty of burglary in the third degree as charged in the indictment.
“THE COURT: If you would, go to lunch and come back to room 104 at 1:30. “MR. BOUDREAUX: I would respectfully except to what the Court is about to do which is typing up another form and resubmitting it to the jury.
“THE COURT: I am resubmitting it for signature.
“MR. BOUDREAUX: I am excepting to it. I would object to this Court trying to cure this jury’s finding of this Defendant guilty of a charge that was not included in the indictment, and I would except to this Honorable Court preparing additional verdict forms after the jury has reached a verdict inconsistent with the ■charge in this case and resubmitting to the jury for its consideration.
“THE COURT: Overruled. This jury has said in open court that it deliberated on burglary in the third degree. It found him guilty of burglary in the third degree. Each one has been polled and you had an opportunity to poll them and *630 I’ll give you another opportunity if you want it. So far as this Court is concerned the fact that the clerk typed and gave a form of robbery in the third degree has no bearing on it. It is a mere technicality. This Defendant stands convicted of burglary in the third degree. That’s what this Court finds him guilty of.
“MR. BOUDREAUX: I would except.” (R. 150-54).
The appellant contends that the trial court committed reversible error by allowing the jury to change its verdict in this case. We disagree. A judge has the power to permit a jury to correct a mistake in its verdict at any time before the jury is discharged. Helms v. United States, 310 F.2d 236 (5th Cir.1962); Hayes v. State, 44 Ala.App. 499, 214 So.2d 708 (1968); Koonce v. State, 27 Ala.App. 46, 165 So. 601 (1936).
.In the case at bar, the appellant was indicted for the offense of burglary in the third degree and the trial judge instructed the jury on this offense. When the jury foreperson read the verdict, the trial judge immediately realized the mistake and determined that the jury had deliberated on the offense of burglary in the third degree and not robbery in the third degree. The trial judge then resubmitted the verdict form to allow the jury to correct the mistake so that the verdict would reflect its deliberations. We find no error here.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.